## Emily Damouth and others v. Mary Klock and others.

*Equity pleading and practice: Closing proofs: Stipulation: Order extending time.* A stipulation in a chancery cause to take proofs before a named justice of the peace, commencing on a certain day and continuing from day to day till completed, does not take the case out of the rules as to closing the proofs by common order, where the usual order to take proofs within sixty days had been entered before the stipulation, and the time had afterwards been regularly extended by further order; if such stipulation could be understood by itself as an indefinite extension of time, it was superseded in this regard by the subsequent order for a limited extension.

*Bill in equity: Quieting titles: Accounting: Partition: Demurrer.* The bill in this case, brought by heirs to remove a cloud cast upon their title by the frauds of their mother and another, by means of an unauthorized administration upon the estate of their father, and which prays for an accounting, and also for a partition, though inartificially drawn, is held good on demurrer.

*Fraud: Parties: Notice.* Under a bill to remove a cloud from the title for the frauds of one who held a title apparently good of record, the decree below, as against a subsequent mortgagee, who is joined as a defendant, but is neither alleged nor proved to have had notice of the fraud, is not sustained.

*Quieting titles: Deed: Estoppel.* Under such a bill, where, subsequent to the fraud, the title to one parcel had passed out of the defendant and by mesne conveyances through one of the complainants and back again to the defendant, such complainant is held estopped by his deed from asserting title to this parcel.

*Bill in equity: Quieting titles: Fraud.* As against defendants to such a bill who are alleged to hold interests in the present title, averments that they purchased from their co-defendant, whose fraud is complained of, and that the title conveyed to them was void for defects apparent upon its face, would be sufficient; but a mere averment that such defendants have acquired interests and liens which are fraudulent and void against complainants, without showing that they derived title through such co-defendant, in the absence of any allegation of distinct facts invalidating the rights which they assert, upon which they could take issue, will not support a decree upon confession.

29 MICH.—37.

DAMOUTH v. KLOCK.

*Administrators : Accounting : Estoppel.* Defendants who have assumed without
 authority to administer an estate, and claim to have administered fully, are
 estopped, when called upon, either in the probate court or in a court of equity,
 for an accounting, from denying their representative character, or their liability
 to account accordingly.

*Accounting : Reference : Production of witnesses.'* The decree below was errone-
 ous in restricting the production of witnesses on the reference for an account-
 ing, to the complainants and the infant defendant, to the exclusion of those
 who had suffered the bill to be taken as confessed; those whose fraudulent
 administration was complained of should have had leave to produce their evi-
 dence on the accounting, notwithstanding their default in answering.

*Infants : Guardian ad litem.* The appointment as guardian *ad litem* for an in-
 fant defendant whose interests are identical with the complainants, of his co-
 defendant, who is charged in the bill with defrauding him in common with the
 complainants, is a perversion of the whole purpose of requiring such guardian-
 ship.

*Heard April 22 and 23.    Decided May 5.*

Appeal in chancery from Barry Circuit.

*Harvey Wright* and *Ashley Pond,* for complainants.

*Norris, Blair & Kingsley,* for defendants.

COOLEY, J.

The complainants, Emily Damouth and Lester Stimpson,
are children, and the complainant, Clarence Geer, is a grand-
child of Leonard Stimpson, who died in February, 1858, in
the county of Barry, and they are the only heirs at law of
said Leonard Stimpson, except William J. Stimpson, an
infant, who is made a defendant in this suit.    They allege
in their bill of complaint, that Leonard Stimpson, at the
time of his death, was the owner of a parcel of land in the
county of Barry, described as the southeast quarter of the
southwest quarter of section ten, in township four north, of
range ten west, and that he held a certificate of purchase
from the state of Michigan for a certain other parcel on
section sixteen, which is also described in the bill; that he
was also the owner of a considerable amount of personal
property; that at his decease he left a widow, Mary Stimp-
son, now Mary Klock, who is made defendant, and that
said Mary, with intent to defraud his heirs, caused said
certificate of purchase from the state to be surrendered,

paid to the state a balance due thereon, and obtained a patent in her own name for the land described therein, and afterwards conveyed the same to Lester Stimpson, who conveyed it to Charles D. Bogue, who, two years later, conveyed it to said Mary Klock, taking back a mortgage for about four hundred dollars, which he still holds; that Leonard Stimpson also at his death was seized and possessed in fee simple of another parcel of land in said county, known as the northeast quarter of the southwest quarter of section twelve, in township two north, of range ten west, to which said Mary Klock has since claimed to have a deed from his administrators, and has conveyed by deed certain portions thereof to other parties, and that they have given mortgages upon some of such parcels; that George W. Warner claims to own and has a recorded deed to one parcel, and said Mary Klock holds a mortgage given by James Y. Wilson upon the balance thereof; that James Y. Wilson, George W. Warner, Mary Klock, and Morgan Curtis have, or claim to have some interest in or lien upon the last mentioned description of land, which is fraudulent and void as against the heirs at law of said Leonard Stimpson; that in March, 1858, said Mary Stimpson, now Klock, filed a petition in the probate court of said Barry county, praying the appointment of herself and one Charles McQueen as administrators on the estate of said Leonard Stimpson, and that some proceedings were had on said petition, all of which were irregular, illegal and void; that nevertheless said Mary and Charles both pretended to be, and did act as such administrators, and took possession of the real and personal property belonging to the estate, and converted the personalty to their own use, and also appropriated all the lands to their own use, and have ever since continued to use the same, or have pretended to sell and convey the same to other persons, and defrauded the heirs of their rights therein. The bill then makes the said Mary Klock, Charles McQueen, Charles D. Bogue, James Y. Wilson, George W. Warner, Morgan Curtis, and William J. Stimpson, defendants, and

prays that "they may come to a fair and just account, touching the amount they or either of them have received at any time on account of said personal property of said deceased, Leonard Stimpson, as well as from the use and occupation of said lands and premises; and that the title to said three parcels of land may be decreed to be in the heirs of said Leonard Stimpson, and that the due proportion of each of said parcels may be set off to each of such heirs, or that the same may be sold and the proceeds distributed in just proportions among the heirs, and that complainants may have execution for the sums found to be their share," etc.

This bill was demurred to, but the demurrer being overruled, all the defendants except William J. Stimpson allowed it to be taken as confessed by them. William J. Stimpson, being an infant, answered by guardian *ad litem*, as will be hereafter stated, and a stipulation was then entered into between the solicitors for the complainant and for the several defendants, that the testimony might be taken before William L. Cobb, a justice of the peace, commencing January 21, 1873, and continuing from day to day until the same was completed. The usual order to take proofs in sixty days had been entered December 6, 1872. By an order of court made February 4, 1873, the time was extended sixty days, and this time having expired, complainants entered an order of course, April 5, 1873, closing the proofs, and the evidence taken by justice Cobb was then returned and filed in the court. It has been urged in this court that the proofs could not regularly have been closed by a common order under the rules, because, by the stipulation between the parties for taking them before the justice, the case was taken entirely out of the rules; but the mere agreement to substitute another officer for the commissioner could have no such effect, and if the stipulation that the taking of testimony commencing on a certain day should continue from day to day until completed could be understood as an indefinite extension of time for the purpose, it

must be regarded as superseded by the order of the court made on the fourth day of February.

Of the evidence taken in the cause it will be sufficient to say that it establishes the fact that the defendants Mary Klock (then Stimpson) and Charles McQueen did obtain from the probate court of Barry county letters of administration on the estate of said Leonard Stimpson; that these letters were void for want of publication of notice of the application therefor required by the statute; that nevertheless they proceeded to administer, and creditors were cited to prove their claims, and did prove them and obtained payment; that said Mary and Charles also, under such appointment, obtained possession of the personal property belonging to said estate and disposed of the same; that they assumed to sell said lot on section twelve at administration sale, and said Mary became the purchaser; that said Mary also obtained from the state a patent to said lot on section sixteen in her own name, though the equitable right was in her husband. Any further facts regarded as material will be stated further on.

The court below decreed the complainants and the defendant William J. Stimpson to be each seized in fee simple as heirs at law of Leonard Stimpson of the one undivided fourth part of the several parcels of land described in the bill, subject to the right of dower of the defendant Mary Klock as his widow, and directed a reference to a commissioner to ascertain and report whether such lands could be partitioned between the parties entitled without material injury to their respective interests, or whether it would be more advantageous to them that a sale be made. The decree also directed an account to be taken of the personal property belonging to the estate of said Leonard Stimpson, and which had been received by the defendants Mary Stimpson, now Klock, and Charles McQueen, and appropriated by them, and also of the rents and profits of the real estate, and directed that in the taking of such account the commissioner should be guided by the proofs already taken and

reported in the cause, but should be at liberty to take the testimony of such witnesses as the parties entitled to take proofs might produce before him. Without awaiting the taking of this account the defendants appealed.

The defendants insist that the bill presents no case for equitable relief; that it is good neither as a bill for partition, nor for an account, nor to remove a cloud upon the title; that it sets up no sufficient facts to defeat the adverse claims of the defendants to the lands, and if it did, the remedy at law would be adequate; that the jurisdiction in the probate court is ample, and indeed exclusive so far as the personalty is concerned, and that the heirs at law could only reach that through an administration on the estate of their ancestor. They also insist that the bill is multifarious.

The bill is inartificially drawn, but it shows the complainants to be entitled to some relief. The frauds of the defendants Mary Klock and Charles McQueen have cast doubts upon their title which the heirs have a right to have removed, and the remedy in equity is more complete for this purpose than any which could be had at law. And there is no sufficient reason why, with these doubts removed, the court should not decree a partition between the respective heirs as prayed.

The court, however, has erred somewhat in its rulings upon the rights of the parties. The defendant Mary Klock, it has been seen, had a title to the lot on section sixteen which was apparently good of record, and which would protect subsequent grantees and mortgagees who were ignorant of her fraud in obtaining the patent. The defendant Bogue holds a mortgage given by her, and the bill contains no allegations to invalidate it. The bill consequently should have been dismissed as to him. It also appears that Mary Klock once conveyed away the title, and though it has been reconveyed to her, one of the deeds in the chain of conveyance is from the complainant Lester

Stimpson, who will be estopped by this deed from asserting rights in this parcel.

The other heirs, having given no conveyance of this parcel, or any part thereof, are not thus estopped.

The decree must be so modified as to declare the defendant Mary Klock to be seized in fee of an undivided one-fourth in this parcel, under the conveyance from the complainant Lester. As to the lands on section ten we discover no error in the decree, except as to the lands conveyed to Sophia Chase by two of the complainants, and in respect to which, of course, they can set up no further claim.

It is insisted that the bill is defective so far as the defendants George W. Warner, James Y. Wilson and Morgan Curtis are concerned, because it fails to set out the respective interests claimed by them in the lot on section twelve, and to indicate the grounds upon which their claims are supposed to be invalid. If the bill alleged that these parties claimed under the defendant Mary Klock, it would be unnecessary to do more than to show that her title was void for defects apparent upon its face, because if that failed, theirs must fail also. But with every disposition to put the most favorable construction upon the allegations of the bill, we cannot find that it so asserts. It charges that the interests or liens of these defendants have been acquired since the death of Leonard Stimpson, and are fraudulent and void as against his heirs, but it does not show that these parties claim through Mary Klock, nor does it set up any distinct facts as invalidating the rights they assert, upon which they could take issue. The bill, therefore, should have been dismissed as to these defendants also.

The court, we think, was right in ordering an account. So far as the rents and profits of the land were concerned, this would seem to be unquestionable. It is objected that the account could not be made to cover the personalty, because complainants could derive no title to that, except through an administration. As a general principle this is indisputable.—*Morton v. Preston, 18 Mich., 60.* But in this

case the defendants Mary Klock and Charles McQueen have acted as administrators under an appointment made by the probate court on their own application, and the records of the probate court show that they assume to have administered fully.     If they had been called upon to account in the probate court by either creditors or distributees, they would not be permitted to deny their representative character, and when their fraud renders a resort to a court of equity necessary, it would seem to be clear that they should in like manner be estopped.     Complainants, as we understand it, do not seek to annul what these parties have done as administrators, except so far as complainants, in their capacity as heirs and distributees, are affected by the frauds; the suit does not necessarily overhaul the administration as to creditors; and if there be any creditor who has not had his claim presented, allowed and paid, his rights will not be affected by this suit.     The case here is that of an administration in fact under the forms of law; and this bill seeks to bring the administrators *de facto* to a just account.     A further administration would now be merely a matter of form; and as such it could not reasonably be required on the demand of parties who have themselves assumed to administer the estate up to the point of accounting.     Having received the property in a representative capacity, they should account accordingly.

Complaint is made that the decree in directing a reference for an accounting, erroneously restricted the production of witnesses to the complainants and William J. Stimpson, to the exclusion of those who had suffered the bill to be taken as confessed.     The decree certainly seems to be open to that construction, and it must be modified so as to leave Mary Klock and Charles McQueen at liberty to produce their evidence.

We deem it our duty to allude to one remarkable fact disclosed by this record, but not alluded to on the argument.     The defendant William J. Stimpson is an infant, and his interests are identical with those of the complainants, and adverse to those of Mary Klock and Charles Mc-

Queen. Yet Charles McQueen has been appointed by a. circuit court commissioner, who was probably ignorant of the facts, to act as his guardian *ad litem*, and the infant is made to answer in denial of his own rights, and in defense of the action of those who had defrauded him. This was an outrage upon the infant and upon the administration of justice, and the wrong is the more astonishing in this case because the fraudulent parties do not file any answer whatever on their own behalf, but undertake to shield themselves behind the answer of an infant who has been placed in their power, but who, personally, can know nothing of the facts. This guardian *ad litem* should be displaced by a disinterested party before the case proceeds further. Such a guardianship is intended for the infant's benefit, and the whole purpose of creating it has been perverted in this case.

The decree of the court below must be reversed, and the bill dismissed as to the defendants, Bogue, Wilson, Warner and Curtis, with costs of this court and of the demurrer in the court below. It must also be modified as to the defendant Mary Klock so as to protect any interest she may have in the lot on section twelve under the conveyance from Lester Stimpson, and as to the lands conveyed to Sophia Chase, and so as to allow Mary Klock and Charles McQueen to produce witnesses on the accounting. It must be affirmed as to the defendants Charles McQueen and William J. Stimpson, with costs to be paid by McQueen, both on his own behalf, and as guardian of the infant behind whom he has endeavored to defend. And the record must be remitted for further proceedings. No costs. will be allowed either for or against the defendant Mary Klock.

CAMPBELL, J., concurred.

CHRISTIANCY, J., concurred in the result.

GRAVES, CH. J., did not sit in this case.