LEON PECK AND LILLIAN L. WIGGINS v. ALLEN C. ADSIT, CIRCUIT JUDGE OF KENT COUNTY.

*Guardian ad litem—Equity practice.*

1. The proceedings for the appointment of a guardian *ad litem* for the infant defendant, as set forth in the opinion, are held to have been in compliance with the statute and the rules and practice of the court.

2. Where an infant defendant of tender years has no general guardian, service of subpœna may be made upon his mother, who is also the trustee of his estate.

3. A guardian *ad litem* of an infant defendant cannot admit away any of the infant's rights in his answer in a chancery suit, and if, upon the hearing or upon a proper showing, it appears that any such admission has been made, an amendment will be at once granted to correct it.

4. Where solicitors appear for an infant defendant before the appointment of a guardian *ad litem* has become absolute, and after it is absolute are notified by the complainant's solicitor that their appearance is premature, and that, if they will redate and return the notice of appearance, he will serve them with a copy of the bill, which they fail to do, and the guardian enters his appearance, and receives a copy of the bill, and sends it to said solicitors, the fact that it is not certified to be a correct copy will not excuse their neglect in failing to answer the bill.

*Mandamus.* Submitted January 16, 1894. Granted February 6, 1894.

Relators applied for *mandamus* to compel respondent to set aside an order striking from the files certain papers. The facts are stated in the opinion.

*Charles R. Wilkes,* for relators.

*Earle & Hyde,* for respondent.

GRANT, J. The relators, on July 13, 1892, filed a bill of complaint in the circuit court for the county of Allegan, in chancery, to set aside a deed made by one Franklin Peck, deceased, to Sjoujke Sprick, in trust for Franklin Peck Sprick, an infant, three years of age, and son of Sjoujke, making both defendants. Subpœna was duly issued, and returned July 25, 1892, personally served upon Sjoujke and her son. August 4, 1892, one S. Wesselius entered his appearance as solicitor for the defendants, and demanded a copy of the bill.

December 20, 1892, complainants filed a petition for the appointment of a guardian *ad litem* for said infant, no

application having been made by or for said infant to have such guardian appointed. On the same day, an order was entered appointing one John D. Noah as said guardian, unless the infant should, within 10 days after service of this order, procure the appointment of a guardian. Certified copies of this order were duly served personally upon both defendants, and also upon Wesselius, and proof of service filed. No one appeared to ask the appointment of a guardian, and on February 17, 1893, the appointment of Noah was made absolute. Defendant Sjoujke filed no pleading, and an order *pro confesso* as to her was duly entered. Noah did not appear, and, on May 24, notified the register in chancery of his refusal to act.

June 15, complainants filed another petition, asking for the appointment of a guardian *ad litem*, and an order *nisi* was entered, appointing Charles L. Barrett, register of said court, such guardian. Certified copies of this order were also served upon the two defendants and Wesselius. July 20, no one appearing for the infant to ask for a guardian, the order appointing Barrett was made absolute. Certified copies of this order were also served upon defendants and Wesselius.

June 24, 1893, Earle & Hyde filed and served notice of their appearance as solicitors for Barrett, guardian *ad litem*. August 1, Earle & Hyde entered a motion to set aside the appointment of Barrett, and noticed said motion for hearing October 2, the first day of the next term of court, although said court was then in session, and continued in session until late in September. August 7, complainants' solicitor served notice on Earle & Hyde that said court would be in session on the first day of September, and that said motion would then be called up for hearing. Earle & Hyde paid no attention to this notice, for the reason that the then circuit judge was disqualified

98 Mich.—41.

from hearing the case, and they had no notice that a qualified judge would preside over the court at that time. September 1, the motion was heard and overruled. September 2, Earle & Hyde entered a motion to set aside the order of September 1, giving notice that it would be brought on for October 2. September 28, upon petition of Earle & Hyde, the cause was removed for hearing to the Kent circuit.

When Earle & Hyde appeared, and demanded a copy of the bill, the appointment of Barrett had not become absolute. After it became absolute, complainants' solicitor notified them that they had prematurely appeared, returned the notice of appearance, and requested them to redate and return the same, and he would at once serve a copy of the bill. This they did not do.

September 8, Barrett entered his appearance, and demanded a copy of the bill. November 13, Barrett filed an answer, but without consultation with Earle & Hyde, and the name of no solicitor is indorsed upon it. Replication was filed, and complainants gave notice that proofs would be taken in open court, and the case was placed on the calendar for the December term of the Kent circuit. November 22, Earle & Hyde entered a motion to strike from the files the answer of the infant by his guardian *ad litem* and the replication, and for the removal of Barrett as guardian. December 11, the motion was granted, upon the ground that the appointment of Barrett was irregular and void, and not in accordance with sections 8132 and 8133, How. Stat. Complainants made a motion to set aside this order, which the court refused, and the writ of *mandamus* is invoked to compel the circuit judge to set it aside. October 3, Barrett sent to Earle & Hyde the copy of the bill of complaint which had been served upon him.

The sections of the statute above referred to are as follows:

"SECTION 8132.. If such infant defendant neglect, for twenty days after the return-day of the process or service of the declaration by which the suit was commenced, to procure the appointment of a guardian to defend the suit, the plaintiff may obtain an order from any judge or officer of the court, mentioned in the preceding section, requiring such infant to procure the appointment of a guardian within ten days after the service of such order.

"SEC. 8133. If a guardian be not appointed within the time specified in such order, the judge or officer granting the same shall appoint some discreet person to be guardian for such infant in the defense of such suit."

The proceedings for the appointment of a guardian *ad litem* were, in our opinion, in compliance with the statute and the rules and practice of the court. It does not appear that the infant defendant had a general guardian. The subpœna was served on his mother, who was his trustee. The order was in the form laid down in the practice books. Jenn. Ch. Pr. 742; Puter. Mich. Ch. 688; 1 Barb. Ch. Pr. 84.

It is also claimed, on the part of the defendants in the chancery suit, that Mr. Barrett is an unfit person to act as guardian, and that he is, in reality, acting in the interests of the complainants. We find nothing in the answer or in his conduct to justify such an imputation. We find nothing to indicate any attempt to admit away the infant's rights. This he could not do, and if, upon the hearing or upon a proper showing, it should appear that any admission had been made against his interests, the court would at once grant an amendment to correct it. The severe language of the Court in *Damouth v. Klock,* 29 Mich. 289, has no application here In that case the interests of the infant defendant were identical with those of the complainants, and adverse to those of the defendant McQueen, who was appointed guardian *ad litem.*

The pleadings are in condition for a hearing, and are ample to protect all the parties in interest. The solicitors

for the infant defendant might have answered when they received a copy of the bill, and the fact that it was not certified to be a correct copy does not, we think, furnish a sufficient excuse for the neglect to do so. Had this been done, all difficulty would have been avoided, and the case brought to a speedy hearing, to which litigants are entitled.

The writ must issue as prayed.

The other Justices concurred.