WALKER *v.* WAYNE CIRCUIT JUDGE.

1. EXCEPTIONS, BILL OF—RULES AS TO SETTLEMENT OF.
    Rules to be followed in settlement of bills of exceptions in actions at law under 3 Comp. Laws 1915, §§ 12633, 12634, and Circuit Court Rule No. 66 stated.

2. APPEAL AND ERROR — RULES AS TO SETTLEMENT OF CASES ON APPEAL IN EQUITY.
    Rules to be followed in settlement of cases on appeal in suits in equity under 3 Comp. Laws 1915, §§ 13754, 13755, and Circuit Court Rule No. 66 stated.

3. SAME—MANDAMUS—JUDGE GRANTING ORDER EXTENDING TIME TO SETTLE CASE ON APPEAL MAY NOT DENY ITS AUTHENTICITY.
    On mandamus to compel a circuit judge to set aside an

order denying a motion to extend the time in which to settle a case on appeal, where it appears from the order that a 60-day extension was granted during the 20-day period provided by the statute, the judge granting same is in no position to deny its authenticity.

4. SAME—EXTENSION OF TIME—JURISDICTION OF JUDGE TO EXTEND TIME AFTER ELAPSE OF 60-DAY EXTENSION.

Where a 60-day extension of time in which to settle a case on appeal was granted during the 20-day statutory period, the judge had jurisdiction to grant a motion for a further extension not beyond the statutory period of one year from the entry of the decree, although the 60-day extension had elapsed before the making of the motion.

5. SAME—AGREEMENT TO STIPULATE—REFUSAL TO EXTEND TIME—ABUSE OF DISCRETION.

Where both parties had claimed an appeal from a decree dismissing their respective bills, and within the statutory period a further stay of 60 days within which to settle the case on appeal was granted, plaintiff's showing that both parties were working on the evidence, that they had had numerous consultations and an oral agreement that when the case was ready it would be settled by stipulation, that when it was ready opposing counsel refused to .stipulate, *held*, sufficient to afford a reasonable excuse for his delay in applying for a further extension of time, and that, under the circumstances, the refusal of the court to settle the evidence or extend the time was an abuse of discretion.

Mandamus by John C. Walker to compel Theodore J. Richter, circuit judge of Wayne county, to set aside an order denying a motion to extend the time to settle a case on appeal. Submitted January 8, 1924. (Calendar No. 31,156.) Writ granted March 5, 1924.

*David N. Harper*, for plaintiff.

*Percy W. Grose, Howard H. Colby*, and *Bernard P. Costello*, for defendant.

McDONALD, J. The plaintiff seeks a mandamus requiring the defendant to set aside an order denying a motion to extend the time to settle a case on appeal.

Anna T. Walker filed a petition for support against John C. Walker; he filed a bill for divorce against her.   The cases were consolidated and heard together before the defendant.   On October 31, 1922, he entered a decree dismissing both bills.   Each of the parties filed a claim of appeal and paid the fee within the statutory period.   Within that period an order was entered granting a further stay of 60 days in which to settle the case on appeal.   No further extension was secured or asked for until September 25, 1923, at which time the plaintiff made a motion that the time be extended until October 31, 1923.   This motion was denied for the reason set up in defendant's return as follows:

"This respondent further returns that at the time of denying of the motion, this respondent, because of the matters herein set forth, believed, that as a matter of law, he had no authority to enter the order requested and that if, as a matter of law, he did have such authority, there was not sufficient showing made to warrant the exercise of that authority, and this respondent, in his discretion, denied said motion."

The plaintiff claims that the defendant had authority to grant the motion and that his refusal to do so was an abuse of discretion.

The frequency with which questions pertaining to the settlement of bills of exceptions in actions at law and cases on appeal in equity are brought to this court indicates a misunderstanding of the decisions in which we have construed the statutes and rules governing the practice.   In view of this fact, it may be helpful to the profession to summarize and restate the rules that must be followed.

Settlement of Bills of Exceptions in Actions at Law (3 Comp. Laws 1915, §§ 12633, 12634; Circuit Court Rule No. 66).

1. An appealing party has twenty days from the

entry of judgment in which to prepare and settle his bill of exceptions.

2. In the event that a motion for a new trial is made and denied during the twenty days following the entry of judgment, he may have twenty days from the date of the denial of the motion.

3. If he desires more time he may secure a further extension not exceeding sixty days on *ex parte* application by producing the stenographer's certificate, but the order for this extension must be secured during either of the above twenty-day periods.

4. If he does not obtain this extension during one or the other of the periods above specified, the court loses jurisdiction and has no authority thereafter to grant an extension or to settle a bill of exceptions.

5. If he does secure the sixty days extension during either of the twenty-day periods, the matter of further extensions within the statutory limitation rests in the discretion of the court, the order being made upon good cause shown by affidavit on special motion after notice to the adverse party.

6. While the court has jurisdiction the time may be extended within the limits of the statute by written stipulation or by order entered upon the journal by consent of counsel in open court.

Settlement of a Case on Appeal in Actions in Equity (3 Comp. Laws 1915, §§ 13754, 13755; Circuit Court Rule No. 66).

1. An appealing party has twenty days from the entry of the decree or order in which to pay the statutory fee and file claim of appeal.

2. If he does not pay the statutory fee and file his claim during that period, his right to appeal is lost and the court has no power to restore it.

3. He has twenty days after the entry of decree or order in which to prepare and settle his case on appeal (Circuit Court Rule No. 66, § 1).

4. If he desires more time he may obtain an order for a sixty-day extension by *ex parte* application, and production of the certificate of the stenographer, to the circuit judge or any Justice of the Supreme Court, but this order must be obtained during the twenty-day period.

5. If he does not obtain an order for an extension during the twenty-day period the court has no jurisdiction thereafter to grant further time or to settle the evidence.

6. If jurisdiction is retained by granting an extension during the twenty-day period the circuit judge or any Justice of the Supreme Court, in his discretion, and within the limitations of the statute, may allow further time for good cause shown by affidavit on special motion after notice to the adverse party or by written stipulation of the parties or by order entered upon the journal by consent of counsel in open court.

7. In any case the circuit judge has no jurisdiction to extend the time after one year from the entry of the decree or order.

8. After the expiration of one year from the entry of the decree or order the Supreme Court or any one of the Justices thereof may grant an additional extension not to exceed six months on special motion and after proper showing that the party has been prevented from perfecting his appeal by circumstances beyond his control.

In the instant case we think it should be held that the extension of sixty days was granted during the twenty-day period.   It so appears from the order, the authenticity of which the defendant is now in no position to question.   Therefore, when the motion for further time was made the court had authority to allow it, though the sixty-day extension had elapsed. The evidence was then ready for settlement.   Both parties had claimed an appeal.   The plaintiff's showing was in part to the effect that both were working on the evidence, had numerous consultations and an oral agreement that when the case was ready it would be settled by stipulation; that when it was ready opposing counsel refused to stipulate.   These facts are undisputed in the record.   We think that they were sufficient to entitle the plaintiff to an extension of time or to have the case on appeal settled.   While the agreement not being in writing was not a proper basis for an order extending the time, it afforded a

reasonable excuse for the delay in applying for an extension.   Where it is possible, attorneys should be compelled to honor their agreements.   In view of the undisputed fact that the delay in asking for a further extension was due to a reliance upon the agreement of counsel, we think the refusal to settle the evidence or to extend the time was an abuse of discretion.

The writ of mandamus will issue, with costs to the plaintiff.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.