### KITCHIN *v.* WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR—EXTENSION OF TIME TO SETTLE CASE ON APPEAL. Under 3 Comp. Laws 1915, §§ 13757, 12634, and Circuit Court Rule No. 66, at any time between the entry of the decree and the furnishing of the transcript, an extension of time to settle the case on appeal might have been had on *ex parte* application to the judge, on production of the certificate of the stenographer; and after the furnishing of the transcript and during the part of the 20-day period then remaining, an extension might have been had on such *ex parte* application on production of the transcript; but where no extension of time was granted or obtained within the 20-day period, the circuit judge was without power to thereafter grant any extension.

Mandamus by Minnie B. Kitchin, executrix of the estate of Sanford T. Kitchin, deceased, to compel DeWitt H. Merriam, circuit judge of Wayne county, to vacate an order denying a motion for an extension of time to perfect an appeal. Submitted February 19, 1924. (Calendar No. 31,255.) Writ denied April 10, 1924.

*William H. Turner,* for plaintiff.

*W. W. Wicker,* for defendant.

CLARK, C. J.    Decree was entered October 31st. Plaintiff sought appeal.    A transcript was ordered from the stenographer.    It was furnished on November 12th.    On November 20th, plaintiff filed in the cause motion for extension of time to settle the case on appeal, showing cause and giving notice that the same would be brought on for hearing before the judge on November 26th.    The motion was denied.    Plaintiff prays relief by mandamus.

At any time between the entry of the decree and the furnishing of the transcript, an extension of time might have been had on *ex parte* application to the judge and on production of the certificate of the stenographer.    3 Comp. Laws 1915, §§ 13757, 12634; Circuit Court Rule No. 66.    After November 12th, and during the part of the 20-day period then remaining, an extension might have been had on such *ex parte* application and production of the transcript in lieu of the stenographer's certificate.    But no extension of time was granted or obtained within the period of 20 days.    Hence, the judge was right in holding that he was without power to grant an extension after the expiration of the 20-day period.    See *Walker* v. *Wayne Circuit Judge, ante,* 393.

Writ denied, with costs to defendant.

MCDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.