### *In re* GANEA'S ESTATE.

1. APPEAL AND ERROR—EXTENSION OF TIME TO FILE BILL OF EXCEPTIONS—VALIDITY.

    Where, within 20 days after entry of judgment, appellant filed the stenographer's certificate that a transcript of the testimony had been ordered, and moved for an extension of time in which to settle a bill of exceptions, but, at the time, the certificate could not be found, and the judge granted the extension conditional upon production of the certificate, which, after the expiration of the 20 days, was found in the files, said extension was valid; appellant having done all that was required of him by the statute and rules of court, and being in no way responsible for the temporary loss of the certificate.

2. EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF FINAL ACCOUNT —AMENDMENT AFTER APPEAL.

    Under 3 Comp. Laws 1915, § 12478, an administrator is entitled to file an amended account after his appeal has been taken to the circuit court.

3. SAME — WITNESSES — EVIDENCE — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

    On appeal by an administrator to the circuit court from the allowance of his final account, testimony by him that after deceased's death and before his appointment as administrator he paid certain accounts at the request of deceased two or three days before he died, *held*, admissible; the statutory restriction that it was equally within the knowledge of deceased not being applicable whether in paying said accounts appellant be treated as the agent of deceased or as the administrator of his estate. ·

4. SAME—ALLOWANCE OF ITEMS OF ACCOUNT PAID BEFORE APPOINTMENT AS ADMINISTRATOR.

    Although the death of decedent revoked appellant's agency to pay said accounts, and he was technically wrong in thereafter paying them, yet if he acted in good faith he should be made to account the same as though he had been administrator at the time, and the circuit court, on

appeal, has power to allow or disallow them, they presumably having been passed upon by the probate court, although the record is silent thereon.

Error to Wayne; Driscoll (George O.), J., presiding. Submitted January 16, 1924. (Docket No. 70.) Decided April 10, 1924.

John Ganea presented his final account as administrator of the estate of George Ganea, deceased. From an order of the probate court determining the account, he appealed to the circuit court. Judgment for the estate. Plaintiff brings error. Reversed.

*William Look,* for appellant.

*Cornelius, Doland & Boggio* (*Bernard A. Boggio,* of counsel), for appellee.

BIRD, J. John Ganea was appointed administrator of the estate of his cousin, George Ganea, deceased, by the probate court of Wayne county. John Ganea is a Roumanian, without education and without much understanding of the English language. He was not very successful in administering the estate, and was subsequently, upon petition, removed, and the Union Trust Company appointed in his stead. After the order of removal was made John was called upon to account. He employed counsel, who prepared and filed his account. A hearing was had and the probate court found he was indebted to the estate in the sum of $1,883.04, and he was ordered to pay that sum over to his successor. From that order John Ganea appealed to the circuit court. In the circuit court certain items of the account were submitted to a jury, who made a finding thereon. Certain items were allowed and others disallowed by the court. Certain other items, which will be hereinafter alluded to, were disallowed without prejudice to presenting them to the

estate for payment.    John Ganea, not being content
with this judgment, has appealed to this court.

1. A preliminary question must first be considered.
Counsel for the estate raise the question that the
court is without jurisdiction to consider the case be-
cause appellant's order for extension of time to settle
a bill of exceptions was not secured in season.    It
appears from the record that the judgment was
rendered on February 3, 1922.    On the day judgment
was rendered the usual 20-day order was taken.    At
that time some talk was had with the stenographer
in open court about a transcript, and appellant then
requested an order for 60 days' additional time.    The
court refused this because the certificate of the
stenographer was not on file.    Later, on February
7th, the certificate was secured and filed.    On Febru-
ary 21st appellant made a written application for an
extension of time.    The presiding judge inquired for
the certificate of the stenographer.    He was advised
it had been filed, but, after a search, it could not be
found.    The court announced that the order would
pass when the certificate was produced.    Later it
was found in the files, it having been doubled into
the folds of another paper, but it was not found until
after the 20 days had expired.    Inasmuch as appellant
had filed the certificate on February 7th and the allow-
ance was made conditionally within the 20 days, we
think appellant had done all he was required to do
by the statute and rules of court, it not appearing
that appellant was in any way responsible for the
temporary loss of the certificate.    *Blickle* v. *Kent
Probate Judge*, 211 Mich. 216.

2. After the appeal had been taken to the circuit
court appellant asked permission to file an amended
account.    This was denied.    We think this was
error.    If errors had been made in the account, it
was clearly amendable under 3 Comp. Laws 1915, §
12478, and should have been permitted.

3. The court, upon motion, struck out the testimony of the administrator that he paid the housekeeper of the deceased $342 for her services, in obedience to the request of the deceased.    It appears that the deceased called John Ganea to his bedside two or three days before he passed away, and turned over to him certain moneys and personal property, with the request that he pay Revica Veronica, his housekeeper, the sum of $342, which he owed her.    He also requested him to pay two other accounts which he owed.    John Ganea accepted the trust, but did not pay the bills until after the death of George.    We think this testimony was competent.    The statutory restriction that it was information equally within the knowledge of the deceased was not applicable.    If John were to be treated as the agent of George the statute is not applicable.    *Hocking Valley Products Co.* v. *Tackett's Estate,* 219 Mich. 623.    If John were to be treated as the administrator of George when he paid the bills the statute does not apply.    The account charged John with the estate and he had a right to show what he had done with it.    John had no interest in the estate and claimed none.    He was simply accounting for money which came into his hands to be disbursed for the benefit of George.

4. We think it is proper to say in connection with the foregoing paragraph that it appeared that John Ganea paid three claims, which he was requested to pay by the deceased, before he was appointed administrator.    The three claims aggregated about $434.    Whether the probate court considered these claims or not the record does not inform us, but presumably it did.    It was within the power of the circuit court on appeal to hear the testimony for and against these claims, and, if they were proper, to allow them, otherwise to disallow them.    John Ganea was undoubtedly the agent of George, and had he paid the bills before George died they would not have been

considered here.    But death revoked this agency and John was technically wrong in paying them when he did.    *Cook* v. *Sanders*, 15 Rich. Law (S. C.), 63 (94 Am. Dec. 139) ; *Turner* v. *Child*, 1 Dev. (N. C.) 25, 133, 331 (17 Am. Dec. 555).    But it appears he acted in good faith and he should be made to account, the same as though he had been administrator at the time.    *Damouth* v. *Klock*, 29 Mich. 289.

5. In several assignments counsel has raised the question of the justness and propriety of disallowing certain claims either in whole or in part.    We have examined them and the testimony bearing thereon, and have concluded that we will not disturb the conclusions of the trial court in those respects.

The judgment will be reversed and a new trial ordered.

CLARK, C. J., and SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.    MCDONALD, J., did not sit.