PATRONS' MUTUAL FIRE INSURANCE CO. *v.* WEXFORD
CIRCUIT JUDGE.

1. Mandamus—Return of Trial Judge to be Taken as True.
   The return of the trial judge to an order to show cause
   in mandamus proceedings should be taken as true.

2. Exceptions, Bill of — Mandamus — Settling Bill of Excep-
   tions—Extension of Time.
   Where the return of the trial judge to an order to show
   cause in mandamus proceedings to compel him to set aside
   an order refusing to settle a bill of exceptions shows
   that judgment in said case was entered on October 5th,
   that appellant had notice thereof, that no stenographer's
   certificate was procured until October 30th, that no bond
   was presented for approval until November 21st, and that
   no motion for new trial was filed until after October 30th,
   the Supreme Court may not grant the relief asked (3
   Comp. Laws 1915, § 12634).

Mandamus by the Patrons' Mutual Fire Insurance
Company to compel Fred S. Lamb, circuit judge of
Wexford county, to approve an appeal bond.   Sub-
mitted June 17, 1924.   (Calendar No. 31,277.)   Writ
denied July 24, 1924.   Rehearing denied October 6,
1924.

*Kinnane & Leibrand,* for plaintiff.

*A. W. Penny,* for defendant.

Moore, J.   Edwin Huested and the Manton State
Bank were given a verdict against the Patrons' Fire
Insurance Company for $6,001.83, on the 5th day of
October, 1923.

The proceedings in said case since the verdict are as
follows:

228—Mich.—12.

"October 5, 1923—Entry of judgment.

"October 30, 1923—Procured certificate of stenographer.

"October 30, 1923—Order signed granting eighty days to settle bill of exceptions.

"October 30, 1923—Paper filed with clerk in form of bond.

"November 5, 1923—Order refusing to approve paper filed on October 30, 1923, as a bond.

"November 9, 1923—Paper filed with clerk in form of bond, with petition that court approve same.

"November 21, 1923—Order refusing to approve paper filed on November 9, 1923 as a bond.

"December 1, 1923—Motion filed to vacate the judgment entry of October 5, 1923 and permit the filing of bond as of October 31, 1923, the relator contending that the judgment entry was void by reason of having been entered without actual motion thereof, and without the judgment fee first having been paid.

"December 7, 1923—Order made refusing to vacate the judgment.

"December 20, 1923—Motion filed by plaintiff to vacate order of October 30, 1923 granting eighty days to settle bill of exceptions.

"December 20, 1923—Copy of next above motion, with notice attached, served on Henry Miltner in city of Cadillac, and copy deposited in post office at Cadillac, addressed to Kinnane & Leibrand.

"December 24, 1923—Hearing on motion of plaintiff to vacate order of October 30, 1923 and of the relator to settle its proposed bill of exceptions.

"December 24, 1923—Order made, vacating order of October 30, 1923.

"December 24, 1923—Refusal of court to sign relator's bill of exceptions."

We quote from the brief of counsel:

"This is a proceeding in which the plaintiff seeks a writ of mandamus to be issued to the defendant circuit judge requiring him (1) to set aside an order denying plaintiff's motion to file an amended bond; (2) to set aside his order denying plaintiff's motion to strike from the record the recital of a judgment entered October 5th and if the proffered bond was in-

sufficient in matter·or form to enter an order fixing the amount and conditions of an amended bond that would be acceptable to the defendant; (3) to set aside an order refusing to settle plaintiff's bill of exceptions; (4) to set aside the judgment entry because the judgment fee was not paid as required by 3 Comp. Laws 1915, § 13673; and (5) to approve the plaintiff's $13,000 amended bond offered and filed with the county clerk."

Plaintiff received the following:

"(Title of cause) Please take notice that judgment herein was duly entered in the office of the clerk of the circuit court of Wexford county on the eleventh day of October, 1923, in favor of Edwin Huested and the Manton State Bank, plaintiffs, and against the Patrons Mutual Fire Insurance Company of Michigan, a corporation, defendant, in the sum of six thousand one dollars and eighty-three cents ($6001.83). Dated this eleventh day of October, 1923.

"A. W. Penny,
"Attorney for plaintiffs.

"To Kinnane & Leibrand,
"Attorneys for defendant."

The attorneys for the plaintiff claim that this notice led them to believe that the judgment entry in the case was on October 11th, and not on October 5th, and that they have proceeded upon that assumption and that the case should be treated as though the judgment entry was on October 11, 1923.

The trial judge has made a voluminous and detailed return to the order to show cause. We quote from it as follows:

"Answering paragraph (10) of said petition this respondent affirms that said judgment was entered on October 5, 1923, pursuant to the rules and practice of said court pertaining to the entry of judgment upon the rendition of verdict, without the necessity of notice on formal motion, was well known to the attorneys for the relator; that neither the rules nor practice of said court, nor the laws of this State required giving notice

of the entry of said judgment, same being entered
during a regular term of said court after a trial which
lasted several days; that on the trial of said cause,
this relator was represented by Leibrand and Miltner,
as its attorneys; that said judgment was entered on
the verdict of the jury, and said attorneys, or at least
Mr. Miltner, was present in court upon the jury render-
ing such verdict; that said judgment, when entered
became the judgment of said court, and no notice of
entry was necessary, and if given, could not alter the
record of its entry; that said A. W. Penny was not
authorized nor directed by this court to give any notice
whatever of the entry of said judgment, that neither
the rules or practice of this court, nor the laws of
this State required him so to do, and his act in giving
notice of the entry of judgment on October 11, 1923,
was without force and effect, binding on no one and
in fact did not mislead the relator.    This respondent
therefore denies that counsel for the relator here relied
upon the notice of judgment entry received by said
A. W. Penny and acted upon the same in ordering the
transcript of testimony from the court stenographer,
as Henry Miltner, one of the attorneys for said in-
surance company, relator herein, upon ordering said
transcript of testimony and procuring the order from
this respondent granting a stay of eighty days from
the entry of judgment to enable the relator to settle
its bill of exceptions, well knew that said judgment
was entered on October 5, 1923, but failed to inform
this respondent to that effect.

"This respondent admits that said Miltner, as at-
torney for the relator herein, procured the certificate
from the stenographer and the order from this re-
spondent, circuit judge, set forth in said paragraph;
admits that at the time such order was procured, this
respondent was holding court in the county of Benzie,
some sixty miles from Cadillac, the county seat of
Wexford county, and thus did not have access to and
could not examine said judgment entry and ascertain
the date same was entered, but relied upon information
received through counsel that said judgment was
entered October 11, 1923; that had this respondent
known or been informed that said judgment was en-
tered on October 5, 1923, he would have refused to

make such order, as being without jurisdiction to do so.

"This respondent admits that he is informed that Mr. Miltner, as attorney for the relator, ordered the transcript from the court stenographer, and requested his certificate to that effect by telephone; admits that he is advised that Mr. Henderson, court stenographer, upon receiving such request, called Mr. Penny by telephone requesting the date of entry of such judgment and was advised by Mr. Penny, that his records showed that same was entered on October 11, 1923; denies that the attorneys for the relator had no notice of the entry of said judgment on October 5, prior to October 30, 1923, stating the fact to be that it, and its attorneys at all times had constructive notice of such entry, and Mr. Miltner, one of its attorneys, had actual notice thereof, having examined the entry in the journal of said court, prior to making request of the court stenographer for the transcript, and prior to requesting this respondent to sign said order for stay of execution, and without advising either of the true date of entry thereof."

We have often held that the return of the trial judge should be taken as true.    *Patrons' Mutual Fire Ins. Co.* v. *Wexford Circuit Judge*, 227 Mich. 154, and cases cited therein.

Section 12634, 3 Comp. Laws 1915, reads:

"The court or the circuit judge at chambers may allow such time as shall be deemed reasonable to settle such exceptions and reduce the same to form: *Provided*, That not more than twenty days shall be allowed for such purpose, except upon the production of a certificate from the stenographer," etc.

It will be noted that no certificate of the stenographer was procured until October 30th, no bond was presented to the judge for approval until November 21, 1923, nor was any motion for new trial presented or filed until after October 30, 1923.

This statute has been construed many times.    See *Miley* v. *Grand Traverse Circuit Judge*, 217 Mich. 415, and the many cases cited therein.

Under the return made by the circuit judge, we do not think this court can give the plaintiff any relief in this proceeding.

Writ of mandamus is denied, with costs against the plaintiff.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.