MARR *v.* DETROIT UNITED RAILWAY.

APPEAL AND ERROR—EXTENSION OF TIME TO SETTLE BILL OF EXCEPTIONS.

Where no extension of time for filing a bill of exceptions was granted beyond the 20-day period, the trial court was without power thereafter to grant an extension and, therefore, on appeal, appellee's motion to strike the bill of exceptions from the files must be granted.

Error to Wayne; Webster (Clyde I.), J. Submitted June 5, 1924. (Docket No. 68.) Decided July 24, 1924.

Case by Bliss W. Marr against the Detroit United Railway for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Hugh C. Chedester,* for appellant.

*William D. Brusstar* (*William G. Fitzpatrick,* of counsel), for appellee.

FELLOWS, J.    Judgment was entered for defendant October 29, 1923.    The usual 20-day order was entered.    November 13th plaintiff's attorney obtained a transcript of the testimony and on the 15th served a proposed bill of exceptions on defendant's counsel with notice of its settlement on November 26th.    It was not filed and no further extension was obtained during the 20-day period.    Defendant's counsel objected to the settlement of the bill of exceptions on November 26th on the ground that the court had lost jurisdiction because no extension beyond the 20-day period had been obtained.    The court later made an order extending the time and finally settled the bill of exceptions.    Defendant here moves to strike the bill of exceptions from the file.    This motion must be granted.    The facts here are almost identical with those in *Kitchin* v. *Wayne Circuit Judge,* 226 Mich. 645.    See, also, *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393; *Walsh* v. *Kent Circuit Judge,* 225 Mich. 51; *Shane* v. *Himelstein,* 227 Mich. 465.

We have many times pointed out that appeals are statutory.    The legislative department in making the provisions it has was doubtless prompted so to do in order to prevent unnecessary delays in bringing cases to this court for review and final decision.    Some hardships grow out of their enforcement.    Whether such hardships overweigh the benefits is not for us to decide.    Arguments on that question should be addressed to the legislature.

Without a bill of exceptions none of plaintiff's assignments of error are available to him and the judgment must be affirmed.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.