BILAKOS *v.* ROBBINS-GRAYER.

**1. APPEAL AND ERROR—JURISDICTION NOT CONFERRED BY STIPULA-TION.**

Jurisdiction to entertain an appeal cannot be conferred upon the Supreme Court by stipulation of counsel.[1]

**2. SAME—RIGHT OF APPEAL STATUTORY.**

No right of appeal exists except as conferred by statute, compliance with which is essential to give the appellate court jurisdiction.[2]

**3. SAME—SETTLEMENT OF CASE—EXTENSION OF TIME—RULES MUST BE COMPLIED WITH.**

Under Circuit Court Rule No. 66, and 3 Comp. Laws 1915, §§ 13754, 13755, where no order was made by the trial court extending the time for settling a case for appeal within 20 days after the decree was entered, the court was without jurisdiction to thereafter grant further time to settle the case or to sign said settlement when it was presented.[3]

**4. SAME — DISMISSAL — COSTS AWARDED TO DEFENDANTS WHERE MISLED BY PLAINTIFF'S COUNSEL.**

Where plaintiff's counsel, by entering into a stipulation with defendants' counsel to extend the time within which to settle a case for appeal, misled defendants into having the record and their brief printed, the Supreme Court, on dismissing the appeal on plaintiff's motion, for lack of jurisdiction, will award costs of the motion to defendants, including the cost of printing the record and their brief.[4]

Appeal from Washtenaw; Sample (George W.), J. Submitted October 23, 1924.    (Docket No. 132.)    Decided October 30, 1924.

Bill by Christ Bilakos against Martha M. Robbins-

[1] *Appeal and Error*, 3 C. J. § 125; [2] *Id.*, 3 C. J. §§ 29, 1031; [3] *Id.*, 4 C. J. § 1991; [4] *Costs*, 15 C. J. § 682.

Grayer and others to enjoin the use of an alley. From a decree for plaintiff, defendant Robbins-Grayer appeals. Appeal dismissed.

*Jacob F. Fahrner*, for plaintiff.

*Jones & Stuhrberg*, for appellant.

PER CURIAM. A decree for plaintiff was entered on February 2, 1924, after hearing on proofs taken in open court. Claim of appeal was filed by defendant and the statutory fee paid on February 11, 1924. No order was made by the court extending the time for settling a case containing the evidence for review within 20 days after decree, or at any later time, nor was it noticed for settlement within 20 days. The case containing the evidence for review was settled and signed by the judge who heard it on May 5, 1924. In the meantime counsel for the respective parties had extended the time until that date by stipulations made or filed after expiration of the 20 days.

After the record was certified to this court, the case noticed for hearing, and briefs and record printed, plaintiff's counsel made a motion for dismissal of the case for want of jurisdiction, repudiating his stipulation on the ground that he then believed, or assumed, defendants had, within the 20 days, secured an order extending the time and otherwise complied with all statutory or rule requirements for retaining right of appeal, but does not, however, claim that opposing counsel made any false or misleading representations in that particular.

Jurisdiction to entertain an appeal cannot be conferred upon this court by stipulation of counsel. No right of appeal exists except as conferred by statute, compliance with which is essential to give the appellate court jurisdiction. It has no power to assume juris-

diction beyond that conferred and limited by statute. Circuit Court Rule No. 66 is made subject to the limitations prescribed by sections 13754, 13755, 3 Comp. Laws 1915.

Under said statute and rule as recently construed by this court the appealing party must within 20 days from entry of the decree file claim of appeal, pay the statutory fee and prepare and settle his case on appeal, or within the 20-day period obtain an order extending the time. If such order or extension is not made within the 20-day statutory limit the trial court is without jurisdiction to thereafter grant further time to settle the evidence without which the appellate court cannot entertain the appeal to hear the case *de novo* on the record made in the court below. *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393; *In re Ganea's Estate,* 227 Mich. 11; *Hannaford* v. *Hannaford, Id.* 410; *Marr* v. *Railway,* 228 Mich. 46; *Earnshaw* v. *Wayne Circuit Judge, Id.* 82.

Were it legally possible for jurisdiction to be conferred by stipulation this court would not recognize the excuse offered by plaintiff's counsel for not honoring his written agreement. So far as shown he could as easily have ascertained the condition of the record before stipulating as after. The course he pursued misled defendants into the expense of printing the record and their brief.

The case is therefore dismissed, with costs of motion to defendants, including the expense of printing the record and their brief.