DETROIT UNITED RAILWAY *v.* WAYNE CIRCUIT JUDGE.

1. Exceptions, Bill of — Court May of Own Motion Extend Time for Hearing Pending Motion.

> Where an extension of time for settling a bill of exceptions was regularly obtained during the 20-day period following entry of judgment, thereafter the granting of further extensions within the statutory limitations was within the discretion of the court, and therefore the presiding judge could, of his own motion, because of the absence of the trial judge, extend the time and adjourn the hearing.[1]

2. Same — Loss of Præcipe Cannot Affect Rights of Party.

> Where a *præcipe* was properly filed at the time the original motion for extension of time to settle a bill of exceptions was made, the failure of the judge to retain it cannot affect the mover's rights, since it is not necessary to file a new *præcipe* for every adjourned hearing.[2]

3. Same — Renewal of Motion Not Necessary Where Court of its Own Motion Extends Time.

> Where a proposed bill of exceptions was served and noticed for settlement within the regularly extended time, and the presiding judge, of his own motion, twice extended the time for hearing same because of the absence of the trial judge, an objection that because plaintiff made no motion to extend the time, with showing therefor required by Circuit Court Rule No. 66, the motion was abandoned and there was nothing before the court, *held*, without merit.[3]

4. Same — Testimony on Hearing on Settlement of Bill Not Part of Bill.

> Testimony had before the judge when the parties were disputing over the settlement of the bill of exceptions has no proper place in said bill, and therefore the plaintiff's failure to furnish opposing counsel with a transcript thereof furnishes no reason for the court's refusal to settle said bill.[4]

---

[1]Appeal and Error, 4 C. J. § 1903; [2]Id., 4 C. J. § 1903; [3]Id., 4 C. J. § 1903; [4]Id., 4 C. J. § 1923 (1926 Anno).

Mandamus by the Detroit United Railway to compel Vincent M. Brennan, circuit judge of Wayne county, to settle a bill of exceptions. Submitted December 2, 1924. (Calendar No. 31,644.) Writ granted December 31, 1924.

*William G. Fitzpatrick* (*William E. Tarsney,* of counsel), for plaintiff.

*Henry H. Roberts,* for defendant.

McDONALD, J. Plaintiff wants a writ of mandamus to compel the circuit judge to sign and settle a bill of exceptions. On the 31st of January, 1924, one John Nagi recovered a verdict in the Wayne circuit court against the Detroit United Railway for $30,000. On March 26, 1924, the court denied a motion *non obstante* and a motion for a new trial and entered a judgment on the verdict. On the 5th of July a motion for leave to file a motion for a new trial was made. This motion was heard and denied on July 21, 1924. During the 20-day period following the entry of judgment a stay for the purpose of settling a bill of exceptions was regularly obtained and subsequently extended from time to time, until the 10th day of August, 1924. On August 4th, the proposed bill of exceptions was served and noticed for settlement on August 8th. The case was tried before Judge Alfred J. Murphy. He was out of the State when the motion came on. It was the judgment of the presiding judge, Arthur Webster, that the bill of exceptions should be settled by the trial judge. For that reason, of his own volition, he extended the time and continued the motion until August 14, 1924. On the adjourned day the trial judge had not returned and Judge Webster made and entered the following order:

"At a session of said court held in the court house in the city of Detroit, on Thursday, the 14th day of

August, 1924. Present, Honorable Arthur Webster, Presiding Judge.

"This being the day to which the adjournment had been had for the purpose of settling a bill of exceptions in the above entitled cause, and it appearing that the Honorable Alfred J. Murphy, before whom the cause was tried, being absent from the city as he has been for at least the period of the last two weeks, and proposed amendments to the bill of exceptions being offered by plaintiff, containing some 170 typewritten pages;

"It being the judgment of the court that the bill of exceptions should be settled by the trial judge, Alfred J. Murphy, and the time should be granted the defendant to go through the proposed amendments;

"And it further appearing that the time within which to settle the bill of exceptions has been continued and adjourned to the 14th day of August, A. D. 1924;

"Therefore, it is ordered on cause shown by the defendant that the time in which to settle the bill of exceptions in the above entitled cause be and the same is extended to and including the 3rd day of September, A. D. 1924."

On September 3d, Judge Murphy was still absent. The defendant, Vincent M. Brennan, had, in the meantime, become presiding judge of the Wayne circuit. He refused to settle the bill of exceptions or to extend the time for reasons stated in his return as follows:

"After hearing the attorneys for both parties at length, this respondent refused to sign the bill of exceptions as presented for the reasons that no notice had been given the attorney for John Nagi of the settlement of the proposed bill of exceptions as is required by the circuit court rules (that no copy of the proposed amended bill of exceptions had been served upon the attorney for John Nagi); that as this respondent was informed and believed a complete transcript of all testimony taken in said cause had not been furnished the attorney for John Nagi, plaintiff, as required by the circuit court rules; that the time had

expired in which to settle the bill of exceptions; that the Detroit United Railway had not properly availed itself of its rights as set out by the statute and the circuit court rules, and through not complying with said rules and statutes and through its own neglect, and upon showing made was not entitled to have said bill of exceptions signed by this respondent."   *   *   *

The principal question presented by this record is whether a circuit judge, while a motion for the settlement of a bill of exceptions is pending before him, can, on his own motion, extend the time for the settlement thereof.   In this case an extension was regularly obtained during the 20-day period following the entry of judgment.   Thereafter the granting of further extensions within the statutory limitations was within the discretion of the court.   So that when the orders complained of were made the court had jurisdiction to extend the time or settle the bill of exceptions.   No complaint is made as to the regularity of any of the proceedings prior to the order of August 8, 1924.   At that time the plaintiff was before Arthur Webster, presiding circuit judge, with a motion regularly entered to settle the bill of exceptions.   He did not ask for any extension of time, but because of the absence of the trial judge the court, of its own motion, extended the time and adjourned the hearing on the settlement of the proposed bill of exceptions to August 14, 1924.   The defendant says that this was wrong, that the court had no authority to extend the time except upon application of the plaintiff by special motion and the showing of cause.   Before a motion for the settlement of a bill of exceptions is filed, the court can not extend the time without the application and showing required by Circuit Court Rule No. 66, as interpreted by this court in *Walker* v. *Wayne Circuit Judge*, 226 Mich. 393.   There would be nothing before him upon which he could act.   But where there is a pending motion for the settlement

of the bill the situation is different. For many good and sufficient reasons it might be impossible for him to hear the parties on the settlement of the bill at that time. May he not of his own volition adjourn the motion and reasonably extend the time until he can hear it? In order to preserve its rights must the plaintiff, who does not desire an extension, go through the form of making a special motion and showing cause? We think not. In the exercise of his discretion the circuit judge had a right to adjourn the motion pending before him and to extend the time for the settlement of the bill of exceptions. There is no statute or court rule that prevents him from doing so. What we have said in regard to the order of August 8th applies with equal force to the order of August 14th, unless, as the defendant claims, there was no motion then pending before the court. In his return the defendant says that there was nothing before the court on August 14th because the original motion had not been adjourned to that day and there was no *præcipe* for the motion as required by the local court rules.

The rule referred to provides that no motion will be heard unless a *præcipe* is filed with the judges' clerk at least four days before the day noticed for hearing, unless the court shall order a shorter time. "All *præcipes* for motions assigned to a judge shall be retained by him until finally disposed of."

It is conceded that a *præcipe* was properly filed at the time the original motion was made, but that it was not retained by the court and was not in existence when the hearing was had on August 14th. We cannot see how the failure of the judge to retain the *præcipe* until the final disposition of the motion in any way affects the plaintiff's rights. It was not necessary for the plaintiff to file a new *præcipe* for every adjourned hearing, nor was it necessary for

counsel to keep check on the judge to see that he retained the original *præcipe* until he finally disposed of the motion.   This brings us back to the first question, viz., Was there any adjournment of the original motion from August 8th to the 14th, and again on the 14th to September 3d?   We have quoted in full in our statement of facts the order made by Judge Arthur Webster on August 14th.   It begins with the recital, "This being the day to which the adjournment has been had for the purpose of settling a bill of exceptions," etc.   And the order of August 8th says, "This being the day set for settling the bill of exceptions in the above entitled cause, and the same being continued because of the absence from the city of the trial judge, the Hon. Alfred J. Murphy, until August 14th at the opening of court."   Counsel for the defendant insists that the only effect of these orders was to extend the time and that the original motion to settle the bill was abandoned, but the language imports that there was something to be heard on August 14th "at the opening of court."   That was the purpose of both the orders.   The fact is that the court thought the trial judge should settle the bill of exceptions and he twice adjourned the motion for that reason.   The merely technical objection to these orders of continuance is without merit.

Another reason assigned by the defendant for his refusal to settle the bill of exceptions is that a complete transcript of all the testimony had not been furnished to the opposing attorney.   The return shows that the testimony referred to was of the proceedings had before Judge Webster on August 14, 1924, when the parties were disputing over the settlement of the bill of exceptions.   It was not necessary for the plaintiff to furnish this testimony.   It has no proper place in the bill of exceptions.   Our examination of the record discloses no sufficient reason for the

refusal to settle a bill of exceptions in the pending case on September 3, 1924.

The writ of mandamus will issue requiring the defendant to settle a bill of exceptions. The plaintiff will have costs against John Nagi.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.