O'MARA v. KOLOWICH.

1. APPEAL AND ERROR—SETTLING BILL OF EXCEPTIONS—JURISDICTION NOT CONFERRED BY STIPULATION EXTENDING TIME TO SETTLE. Where no order extending the time for settling a bill of exceptions was granted within 20 days after entry of judgment, the Supreme Court is without jurisdiction to hear the case on the merits, although the parties by stipulation extended the time and waived irregularities.[1]

2. COSTS—APPELLANTS AWARDED COSTS ON DISMISSAL WHERE MISLED BY APPELLEE'S STIPULATION EXTENDING TIME. Where appellee by stipulation extended the time for settling a bill of exceptions and waived irregularities, and his motion to dismiss for lack of jurisdiction of the

[1] Appeal and Error, 4 C. J. §§ 1880, 1899.

Supreme Court was not made until after the record and appellant's brief were printed, the court, in granting the motion, will award costs to appellant, including the cost of printing the record and briefs.[2]

Error to Macomb; Covert (Frank L.), J., presiding. Submitted April 22, 1925. (Docket No. 7.) Decided July 16, 1925.

Assumpsit by Hugh R. O'Mara against George J. Kolowich and another for services rendered. Judgment for defendants on a directed verdict. Plaintiff brings error. Dismissed.

*George W. John* and *Clifford A. John* (*William Van Dyke,* of counsel), for appellant.

*John A. Hamilton,* for appellee.

MOORE, J. Plaintiff is the city engineer of Mt. Clemens. Defendant Kolowich is a banker and promoter. Defendant Pangburn is a promoter. This suit is brought to recover for work done by the plaintiff as an engineer. Upon the trial the case was discontinued as to defendant Pangburn. After plaintiff had concluded his testimony the trial judge directed a verdict in favor of defendant Kolowich, for the reason that the contract sued upon was void because made on Sunday. The case is brought into this court by writ of error.

At the outset a question of the jurisdiction of this court arises. The record shows that the jury returned a verdict by direction of the judge in favor of the defendant, upon which judgment was entered February 8, 1923. It also shows that a motion for a new trial was denied August 21, 1923; that on January 19, 1924, a stipulation was filed extending the time to settle a bill of exceptions; that on January

---

[2]Costs, 15 C. J. § 638.

26, 1924, stipulation to settle attached bill of exceptions and waiver of irregularities was filed; that on January 28, 1924, bill of exceptions was signed, filed and entered. The record does not show what is commonly spoken of as a 20-day order.

No motion was made to dismiss the case for want of jurisdiction until the printed record and plaintiff's first brief were filed in this court. The jurisdiction of this court was raised for the first time in the appellee's brief filed March 12, 1925. The question of the jurisdiction of this court in cases at law has recently been before this court in the case of *Walker* v. *Wayne Circuit Judge*, 226 Mich. 393, and again in the case of *Bilakos* v. *Robbins-Grayer*, 228 Mich. 655. Upon the record in the instant case the court did not obtain jurisdiction to hear the case upon the merits.

In the last case cited above the court considered the question of costs in a case like the present one, and in dismissing the appeal for lack of jurisdiction gave the appellant costs of the motion, including the cost of printing the record and appellant's briefs, and it is so ordered in the instant case.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.