SMITH *v.* GLADWIN CIRCUIT JUDGE.

Appeal and Error—Time to Settle Bill of Exceptions—Juris-
    diction of Court—Misinformation by Clerk to Attorney Sus-
    pended Running of Time Against Him.

Where the attorney for a party desiring to review a judg-
        ment ordered a transcript of the testimony and requested
        the stenographer to file his certificate to that effect with
        the clerk of the court, and a few days later was informed
        by the clerk that such certificate had been filed and an
        order entered extending the time to settle the bill of
        exceptions, and did not learn until after the expiration
        of the 20 days that said information was erroneous, the
        trial judge was not thereby deprived of jurisdiction to
        extend the time; the attorney having a right to rely
        on the information so received, the running of the time
        against him was suspended.[1]

Mandamus by Gordon M. Smith to compel Guy E.
Smith, circuit judge of Gladwin county, to vacate an
order allowing an extension of time to settle a bill of
exceptions.   Submitted December 1, 1925.   (Cal-
endar No. 32,084.)   Writ dismissed December 22,
1925.

*John C. Shaffer,* for plaintiff.

*Kinnane & Leibrand,* for defendant.

SHARPE, J.   On March 31, 1925, a judgment was
rendered in the circuit court for the county of Gladwin,
dismissing an appeal taken by Merton H. Wright, ad-
ministrator *de bonis non,* from an order of the probate
court allowing the final account of plaintiff as executor
under the will of Deram Mills, deceased.   The at-
torney for the administrator resides in Bay City.   He

---

[1] Appeal and Error, 4 C. J. § 1892.

ordered a transcript of the testimony, and requested the stenographer to file his certificate to that effect. A few days later, he called the county clerk on the telephone, and was informed by him that the certificate had been filed and an order entered extending the time to settle a bill of exceptions. On April 22d, some days later, and after the 20 days had expired, the clerk advised him by letter that the order had not been entered, and stated that he had got "this case mixed" with another in which the same attorney was acting, and in which such an order had been made. He then on motion asked for an order extending the time to settle a bill of exceptions, and, after a hearing disclosing the facts as above stated, the circuit judge granted the order. On the petition of the plaintiff, an order to show cause why this order should not be vacated was granted. The return of the defendant is now before us.

Counsel for plaintiff relies on the holding in *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393, and the many cases in which the rule there stated has been followed, one of the last being *Patrons' Mut. Fire Ins. Co.* v. *Wexford Circuit Judge,* 228 Mich. 177. It was held in the *Walker Case* that, if an order extending the time be not obtained within 20 days after the entry of judgment, the court loses jurisdiction "to grant an extension or to settle a bill of exceptions."

Defendant's counsel concede the rule to be as stated, but contend that it is inapplicable where the omission to obtain the order is due to a reliance on the statement of the clerk of the court that such an order had been entered.

In *Bishop* v. *Judge of Recorder's Court,* 207 Mich. 537, 544, it was said:

"The cases cited for defendant in support of the contention that the appellate court may, and this court does, in its discretion assume jurisdiction on a meritorious application to appeal after expiration of

the statutory time therefor, do not imply or purport to be authorized by any inherent discretionary power to that end. . Those decisions are based upon the not unusual nor unreasonable legal proposition that the prescribed time in which a litigant is authorized to act does not in contemplation of law run against the party without fault or want of diligence on his part during such time as his power to act is suspended, or his efforts to do that which the law authorizes and requires him to do are blocked, by some act or non-action of the court itself or its officers entirely beyond his control."

This but followed the holding in *Waterman* v. *Bailey*, 111 Mich. 571, 574, where the earlier cases were cited. It is applicable to proceedings in the lower court to settle bills of exceptions, as well as those necessary to perfect chancery appeals. *In re Ganea's Estate*, 227 Mich. 11.

As soon as the certificate of the stenographer is filed, the party desiring to review the judgment is entitled to an order extending the time (not exceeding 60 days) to settle the bill of exceptions. 3 Comp. Laws 1915, § 12634; Circuit Court Rule No. 66. The trial judge may make such order without notice to the other party. He might have done so as soon as he was advised by the clerk that the certificate was filed. The clerk has charge of the records and files of the court. When he stated to plaintiff's attorney that such an order had been entered, the attorney had the right to assume that he did so after an examination of the records and files. Counsel for the administrator insists that the effect of such statement was the same as if he had made the inquiry of the circuit judge and had been informed that he had made such an order. The information received by the attorney from the clerk, and on which he had a right to rely, suspended the running of the time against him until he was advised that it was erroneous, and during this time the court did not lose jurisdiction

to make the order complained of.    In so holding, we are not overruling the decision in the *Patrons' Mutual Case, supra.*    In that case it appeared by the return of the circuit judge that the attorney who assisted defendant's counsel in the trial of the cause, and who ordered the transcript of the testimony, well knew the date when the judgment was entered.

The order to show cause is dismissed, with costs to defendant.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.