WERNIK *v.* WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—JURISDICTION TO HEAR APPEAL—ADVERSE PARTY FAILING TO APPEAL NOT ENTITLED TO RELIEF IN APPELLATE COURT.

Although certain of the defendants in a chancery case, by filing their claim of appeal and taking within the required time all the necessary steps, thereby removed the case to the Supreme Court and conferred jurisdiction upon it to hear the same *de novo*, an adverse party who failed to appeal from the decree may not have it modified or changed in his favor.[1]

2. SAME—APPEALS ARE STATUTORY.

Appeals are purely statutory, and the appellate court acquires no jurisdiction to entertain a case unless the jurisdictional statutory requirements and authorized rules promulgated pursuant to them have been complied with.[2]

3. SAME—CHANCERY APPEALS—REVIEW IN LAW COURTS.

In chancery cases, when jurisdiction is once acquired by the appellate court, it hears them *de novo*, and reviews on the record returned both questions of law and fact, with the qualification that an adverse party not appealing may not have the decree modified in his favor; while on the law side of the court only questions of law are reviewed under such claimed errors as are assigned in the writ of error, and if opposing party desires to review other questions of law he must take out his own writ of error and assign his additional claimed errors for review.[3]

4. SAME—ASSIGNMENT OF ERRORS NOT REQUIRED IN CHANCERY APPEALS—CLAIM OF APPEAL OFFICIAL NOTICE OF DISSATISFACTION WITH DECREE.

In chancery appeals no assignment of errors is required, and a claim of appeal is the only official notice to the court or opposing counsel that the appealing party is dissatisfied with the decree appealed from; it negativing the

[1]Appeal and Error, 3 C. J. § 1039; [2]Id., 3 C. J. § 1031; [3]Id., 3 C. J. §§ 1462, 1568; 4 C. J. §§ 2647, 2651.

inference which otherwise arises from his silence and inaction that he is satisfied with the decree of the lower court, to his exclusion from urging any claim in the appellate court beyond its validity.[4]

5. SAME — WHERE APPEAL PERFECTED BY ONE PARTY NOTICE OF CLAIM OF APPEAL WITHIN REQUIRED TIME BY ADVERSE PARTY SUFFICIENT.

Where defendants in a chancery case perfected an appeal under the requirements of 3 Comp. Laws 1915, §§ 13754, 13755, Supreme Court Rule No. 61, and Circuit Court Rule No. 66, jurisdiction to hear said case was conferred upon the Supreme Court, and plaintiffs, who also sought to appeal, were not required to duplicate the steps taken thereunder by defendants, but the filing of their claim of appeal within the time limit was sufficient to entitle them to seek further relief in the Supreme Court than that granted in the court below.[5]

Mandamus by Wladyslaw Wernik and another to compel Joseph H. Collins, acting circuit judge of Wayne county, to set aside an order dismissing an appeal. Submitted January 26, 1926.    (Calendar No. 32,072.) Writ granted March 20, 1926.

*William W. Macpherson*, for plaintiffs.

*Harry J. Lippman (Ernest W. Ver Wiebe*, of counsel), for defendant.

STEERE, J.    Plaintiffs seek by mandamus to compel defendant to set aside an order made by him as circuit judge on June 9, 1925, dismissing their cross-appeal in a chancery suit of Wayne county brought by plaintiffs against Michael Kolodziejczck and several others in which a decree had been signed and filed on March 13, 1925.    After decree the following took place:    On March 18, 1925, two of the defendants, named Kaluzny, filed a claim of appeal, paid the required appeal fee, obtained and filed the stenographer's

[4]Appeal and Error, 3 C. J. § 1462; [5]Id., 3 C. J. § 1039.
234—Mich.—15.

certificate, and secured a written order granting 60 days' additional time in which to perfect their appeal, all within the 20-day limit after decree.   On March 23, 1925, plaintiffs filed their claim of appeal and paid no appeal fee, filed no stenographer's certificate and made no motion for extension of time.   On March 27, 1925, defendant Kolodziejczck filed his claim of appeal.   He filed no stenographer's certificate, but on April 1, 1925, obtained an order of 60 days' extension of time.   On June 6, 1925, he moved for an order dismissing plaintiffs' appeal on the ground that they had not within the first 20 days moved for an additional 60 days to perfect their appeal or taken any further steps to that end.   Said motion was granted and an order of dismissal entered June 9, 1925.   Defendant's return herein to an order to show cause states as his ground for dismissing plaintiffs' appeal that—

"by reason of said plaintiffs having failed to take any action at all to further perfect their appeal in said cause within the said 20-day period following the entry of decree therein, that this court so far as relators herein be concerned, lost jurisdiction."

It is admitted that in the chancery case out of which this proceeding arose certain of the defendants first filed their claim of appeal and have taken within the required time all necessary steps to perfect the same. They thereby removed the case to this court and conferred upon it jurisdiction to hear the same *de novo,* upon pleadings and proofs before the court in the original hearing as certified and returned on appeal from that court.   It is conceded such is and has long been the general rule in this jurisdiction, and there is no occasion to cite the various decisions by this court discussing that proposition and so holding.   But with them went the early and repeated qualification, as occasion arose, that an adverse party who has failed

to appeal from a decree may not have it modified or changed in his favor.   In the early case of *Proctor* v. *Robinson*, 35 Mich. 284, this court said, speaking through Justice GRAVES:

"Robinson alone appealed.   As no appeal has been taken on the other side, previous decisions of this court forbid any variation of the decree in favor of complainant."

We are not advised what this chancery suit was about, or the nature of the decree rendered in the court below, beyond the fact that it was final and evidently adverse to the claims of at least three of the several defendants, particularly defendants Kaluzny, who made haste to file their claim of appeal, followed in due time by all requisite steps to perfect the same, which, irrespective of what the other litigants did, transferred the case *in toto* to this court with full jurisdiction to rehear the same as before outlined. They having claimed an appeal and started the case to this court for review, plaintiffs, as adverse and apparently prevailing parties, took a so-called cross-appeal and timely filed their claim of appeal, indicating that the decree they obtained did not afford the full measure of relief they asked and on review they would claim additional affirmative relief.   Trailing plaintiffs' appeal defendant Kolodziejczck recovered command of his name sufficiently to subscribe, or have it subscribed, to a claim of appeal within the requisite 20 days and obtain a 60-day extension of time.   Within that time he made this motion to dismiss plaintiffs' appeal because they had not obtained an extension of time, as he had done, nor filed the stenographer's certificate and paid the appeal fee, as he had not done.

In the numerous cases brought before this court involving irregularities in appeal proceedings, it has had frequent occasion to emphasize that appeals are purely statutory and the appellate court acquires no

jurisdiction to entertain a case unless the jurisdictional statutory requirements and authorized rules promulgated pursuant to them have been complied with. That subject was concisely clarified and the essentials summarized by Justice HOOKER in *Waterman* v. *Bailey,* 111 Mich. 571, and again in *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393, where requirements of our statutes and auxiliary rules for conferring jurisdiction, both on the law and equity side of the court, were concisely summarized by Justice MCDONALD in plain and unmistakable terms.

When jurisdiction is once acquired in chancery cases the appellate court hears them *de novo* and reviews on the record returned both questions of law and fact, with the qualification before noted, while on the law side of the court only questions of law are reviewed under such claimed errors as the party taking out a writ of error sees fit to assign. If the opposing party desires to review other and different rulings of law by the trial court adverse to his interest, and presumably favorable to his opponent, he must take out his own writ of error and independently assign his additional claimed errors for review under it before the court can take jurisdiction to entertain them. In chancery appeals no assignment of errors is required and a claim of appeal is the only official notice to the court or opposing counsel that the appealing party is dissatisfied with the decree appealed from. It negatives the inference which otherwise might arise from his silence and inaction that he is satisfied with the decree of the lower court, to his exclusion from urging any claim in the appellate court beyond its validity.

The question arising on irregularities in appeals which this court has most often been required to seriously consider, and by reason of it most strictly enforce compliance with statutory requirements, is that of jurisdiction as limited by the mandatory pro-

visions as to time which the statutes impose.    The
reason therefor is made plain by Justice FELLOWS in
*Marr* v. *Railway*, 228 Mich. 46, as follows:

"The legislative department in making the provisions
it has (as to time) was doubtless prompted so to do
in order to prevent unnecessary delay in bringing cases
to this court for review and final decision.  *  *  *
Arguments on that question should be addressed to
the legislature."

The law now governing appeals in chancery under
the judicature act and court rules is to be found in
3 Comp. Laws 1915, §§ 13754, 13755, Supreme Court
Rule No. 61 (208 Mich. xxxvii), and Circuit Court
Rule No. 66.

The decree of the court below was in plaintiffs' favor
to the extent at least that defendants Kaluzny promptly
took steps to continue the litigation in the appellate
court, filed their claim of appeal, paid the appeal fee,
ordered transcript of the testimony, filed the stenog-
rapher's certificate of order, moved for and obtained
an extension of time in which to settle the case for
review, all within the 20-day limit, and thereby trans-
ferred jurisdiction of the case to this court, except as
it remained for the lower court to settle the case on
the testimony, if presented within the time limit after
proper notice, and certify the record as made to this
court.    Plaintiffs were entitled to a copy of the
testimony and to be heard on settlement of the case.
Whether plaintiffs, or any other of the defendants,
filed claim of or perfected an appeal, this court had
jurisdiction of the case.

Plaintiffs, who were the adverse and prevailing
parties, did, however, subsequently and within the time
limit, file their claim of appeal, and to that extent at
least  gave notice that the decree which defendants
were taking steps to review did not give them the full
measure of relief asked and if the case was to be
reheard in this court they desired further affirmative

relief.    Whatever their motives, they were content to take the chance of defendants perfecting their appeal, for regardless of how many parties to a suit file claims of appeal if no one of them perfects his appeal they all fall by the way together.

The question here is whether, in a chancery suit, the prevailing party in the court below, who follows his adversary's claim of appeal by also filing a claim, must duplicate the steps taken by the moving party to perfect an appeal before he can ask on rehearing in the appellate court other or further relief than that granted in the court below.    This court has already noted a distinction in the status of first and subsequent appellants, and recognized that the latter are not strictly bound to follow all statutory requirements in appeal proceedings provided the party first filing a claim of appeal has by complying with them given the appellate court jurisdiction over the case with power to rehear the same.    By Supreme Court Rule No. 61, when one of the parties to a chancery suit has first taken an appeal, other parties to the suit are given 20 days after receiving notice of such appeal to appeal in their own behalf.    Plaintiffs filed their supplemental appeal within the required time.    If defendants' construction of the statute and rules is well founded plaintiffs and all other subsequent appellants would have to pay an appeal fee, order transcript of the testimony, file stenographer's certificate and move within the 20-day period for additional time, to be followed by each preparing his separate case for appeal, and, after notice to all other parties to the suit of time and place, presenting it. to the court for settlement, resulting in a needless and confusing multiplicity of all those things involving extra expense, labor and delay not within the intent or purpose of the statute. When once complied with by an appealing party, their duplication by those who follow is not essential to jurisdiction.

The customary course in a chancery appeal, regardless of the number of appellants, is to settle the case as a whole on the record made in the court below, and make but a single return on appeal. While it is conceivable that an exceptional case might arise where a later appealing party would be entitled to a separate return, no such situation is suggested here.

In *Mack* v. *Engel*, 165 Mich. 540, complainant contended that defendant's appeal should be dismissed for the reason, amongst others, that he had not paid an appeal fee as required by statute. The other reasons were not discussed but pronounced without merit. Upon the statutory requirement that an appealing party must, within the time specified, pay the prescribed appeal fee, the court said:

"We are of opinion that the statute relied upon by complainant contemplates the payment of but one fee to the register   When this fee is once paid by either party, the opposite party may seasonably claim an appeal, and the costs, including the appeal fee, will be taken care of by the final decree."

That the secondary or cross-appellants must themselves file their claims of appeal to confer jurisdiction upon the appellate court to recognize them as such is settled by abundant authority; but thereafter, unless they desire to appeal, whether their predecessors do or not and are content to take chances on their abandoning their appeal, we discover no good reason for their repeating what the others have already done, which retains jurisdiction in the appellate court over the parties and subject-matter of the suit, whether it be to pay the appeal fee, order transcript of testimony, file stenographer's certificate or secure extension of time.

The authorities cited by defendant are not in conflict with such construction. In most of them the appeal was dismissed because the appellant did not file a claim of appeal within the jurisdictional 20-day

limit, or, being the only appealing party, failed to comply with some other jurisdictional requirement. Such was the situation in *Guthrie* v. *Leelanau Circuit Judge,* 197 Mich. 321, where Guthrie was the only appellant and failed to timely pay the appeal fee.

It is especially urged for defendants that the case of *Munroe, Boyce & Co.* v. *Ward,* 207 Mich. 369, is on all fours with the instant case and controlling. That was a chancery suit involving a lengthy accounting. Apparently both parties appealed, as the court incidentally said the case would be taken as though plaintiff had filed no notice of appeal and only questions urged by defendant for modification of the decree would be considered. The decree was affirmed. While inferable that an appeal fee was paid, it is not shown by whom. In disposing of plaintiff's appeal, the court stated that the decree was filed on February 8, 1918, and plaintiff's claim of appeal is dated March 18, 1918, or more than 20 days after the decree was filed. Referring to the holding in the *Guthrie Case,* the court said:

"The right of appeal is a statutory one, and unless the mandatory provisions of the statute are complied with the court has no jurisdiction to entertain the appeal;" citing other cases.

As digested in the syllabus, the manifest holding in that case was that plaintiff's appeal could not be considered because not filed within the 20-day statutory limitation. In the instant case it was.

For the foregoing reasons the order appealed from dismissing plaintiffs' appeal must be set aside, with costs. If required the writ prayed for may issue.

BIRD, C. J., and SHARPE, SNOW, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.