COOK v. KENT CIRCUIT JUDGE.

1. EXCEPTIONS, BILL OF—JURISDICTION TO GRANT EXTENSION OF
TIME—DISCRETION OF COURT.
   Where, during the 20-day period following entry of judgment, a
   stenographer's certificate was filed and further extension of
   time to settle a bill of exceptions was granted, the court re-
   tained jurisdiction, and thereafter further extensions rested
   in its discretion.

2. SAME—GOOD CAUSE FOR GRANTING EXTENSION OF TIME.
   A sworn showing that the stenographer had not been able to
   complete a transcript of the record is good cause for granting
   an extension of time to settle a bill of exceptions, where the
   court has jurisdiction to grant it.

3. MANDAMUS—EXCEPTIONS, BILL OF—EXTENSION OF TIME.
   Mandamus will issue, if necessary, directing the trial court to
   reinstate an order granting an extension of time to settle a
   bill of exceptions, where said order was vacated under a mis-
   taken opinion that the court was without jurisdiction to grant
   it, although good cause therefor had been shown.

Mandamus by Ray G. Cook and another to compel
Major L. Dunham, Kent circuit judge, to set aside
an order vacating a previous order granting exten-
sion of time to settle a bill of exceptions. Submitted
January 8, 1929. (Calendar No. 33,967.) Writ
granted March 29, 1929.

*Mason, Alexander & McCaslin* and *Clifford A.
Mitts*, for plaintiffs.

*William J. Landman*, for defendant.

McDONALD, J. The plaintiffs seek a writ of man-
damus to compel the defendant to set aside an order
vacating a previous order which granted an exten-

sion of time to settle a bill of exceptions in a cause entitled Armstrong *v.* Cook.

On March 12, 1928, judgment was rendered for the plaintiff. On the same day, a stay of 20 days was entered. On March 31, 1928, the stenographer's certificate was filed and a further stay of 20 days was granted. This stay expired on April 20, 1928. On April 23d, another stay of 20 days was ordered. On May 5, 1928, a further extension of 60 days was entered. This stay expired on July 6, 1928. On June 29, 1928, a motion was made to set aside the order of May 5, 1928. The motion was granted. An order vacating the order of May 5th was entered. The plaintiffs ask for a mandamus to compel the defendant to set aside his last order.

In setting aside the order of May 5th, the defendant was of the opinion that when that order was entered the court was without jurisdiction to settle a bill of exceptions. In this he was mistaken.

During the 20-day period following the entry of judgment, a stenographer's certificate was filed and a further stay granted. By properly securing an order during this period, the court retained jurisdiction and thereafter the matter of further extensions of time rested in its discretion. *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393.

The court had jurisdiction to make the order of May 5th. He made it after a sworn showing that the stenographer had not been able to complete a transcript of the record. This was good cause, and justified the extension granted. The record presents no reasonable excuse for vacating it.

If necessary, the writ of mandamus will issue.

North, C. J., and Fead, Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred.