EARNSHAW *v.* WAYNE CIRCUIT JUDGE.

APPEAL AND ERROR—FAILURE TO FILE CLAIM OF APPEAL WITHIN 20 DAYS FORFEITS RIGHT.

Where no claim is made that the decree dismissing plaintiffs' bill was entered in vacation, so that notice thereof was required under 3 Comp. Laws 1915, § 13754, and they failed to file claim of appeal and pay the statutory fee within 20 days from the entry thereof, as required by 3 Comp. Laws 1915, §§ 13754, 13755 and Circuit Court Rule No. 66, the right of appeal was lost beyond the power of the court to restore it.

Mandamus by Frederic Earnshaw and others to compel Ira W. Jayne, circuit judge of Wayne county, to vacate an order denying an appeal in chancery. Submitted June 10, 1924. (Calendar No. 31,310.) Writ denied July 24, 1924.

*A. F. Freeman*, for plaintiffs.

*William Henry Gallagher*, for defendant.

CLARK, C. J.    On September 14th, the trial judge announced that decree would be entered dismissing the bill of complaint of Earnshaw *et al.*, plaintiffs, filed against Koehler *et al.*, defendants.    On September 24th, counsel for the respective parties in that cause appeared before the judge to settle a decree. After discussion, a decree was agreed upon and approved in writing as to form by plaintiffs' counsel, and on that day the decree was signed, filed and entered.    There is no claim that the decree was entered in vacation, so that notice thereof was required under 3 Comp. Laws 1915, § 13754.    Plaintiffs had 20 days from the entry of the decree in which to file claim of appeal and to pay the statutory fee.    3 Comp. Laws 1915, §§ 13754, 13755; Circuit Court Rule No. 66.    The claim was not filed and the fee was not paid until October 18th.    The judge therefore declined to settle the case on appeal.    Relief by mandamus is prayed.

That, by the failure to file claim of appeal and to pay the fee within the period of 20 days, the right of appeal was lost beyond the power of the court to restore it, is settled by *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393.

Writ denied, with costs to defendant.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.