### FRIEDBERG v. GOODMAN.

1. JUDGMENT—TRIAL—ISSUES—VOID LEASE.

In an action for money paid under a lease void unless the court ratified it, where defendant had agreed to immediately refund said money if the court refused to ratify the lease, but refused payment on the ground that an appeal from the decree of the court refusing ratification was pending, the validity of said appeal was a proper question for plaintiff to raise.[1]

2. APPEAL AND ERROR—JURISDICTION.

Under 3 Comp. Laws 1915, § 13755, where appellant failed to take the proper steps to perfect an appeal from a decree in chancery within one year and six months from entry thereof, both the circuit and Supreme Court lost jurisdiction, and the case stands as though no appeal had been begun.[2]

3. SAME—PARTIES CANNOT KEEP APPEAL ALIVE AFTER JURISDICTION LOST.

Parties to the record cannot keep an appeal alive by not moving to dismiss it after both courts have lost jurisdiction to authorize perfection of the appeal.[3]

[1]Payment, 30 Cyc. p. 1325; [2]Appeal and Error, 3 C. J. § 1074; [3]Payment, 3 C. J. § 125.

4. JUDGMENT—ISSUES—COLLATERAL ATTACK—PARTIES.

> Plaintiff's action is not a collateral attack upon the decree of the chancery court refusing ratification of the lease, nor was he a party to said suit, although he was interested in the result.[4]

5. SAME—PROOF—DIRECTED VERDICT.

> Proof by plaintiff that defendants' appeal from the decree in chancery refusing ratification of the lease is a nullity because never perfected, *held*, to justify a directed verdict in favor of plaintiff.[5]

Error to Wayne; Webster (Arthur), J. Submitted October 8, 1924. (Docket No. 37.) Decided April 3, 1925.

Assumpsit by Morris Friedberg against Fred A. Goodman, individually and as trustee under the last will of Ulenna H. Goodman, deceased, for an amount paid under the terms of a void lease. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Bishop, Kilpatrick & Weaver,* for appellant.

*Joslyn, Finkelston, Lovejoy & Chilson,* for appellee.

STEERE, J. On June 1, 1920, defendant individually owned a three-fifths interest in what is known as the Griswold hotel property located at the corner of Griswold street and Grand River avenue, in Detroit. He also held title to the remaining two-fifths interest as trustee for Ulenna and Nellie Waldo, minors. The property was then occupied by the Postal Hotel Company under a lease which does not expire until May 1, 1925. Goodman gave plaintiff Friedberg a 99-year lease of the property which was dated June 1, 1920, and duly executed by the parties and delivered on or about that date. Goodman signed it individually, and as trustee for his minor wards without authority from any court. It was to commence on

---

[4]Equity, 21 C. J. § 864; [5]Payment, 30 Cyc. p. 1325.

June 1, 1920, and run until May 31, 2019.    The annual rental for the property after May 1, 1925, was fixed at $84,000, payable in equal monthly installments of $7,000 each.    Covering the period from June 1, 1920, to April 30, 1925, when the Postal Hotel Company's lease would expire, Friedberg was to pay Goodman $60,000 rental, at the rate of $1,000 per month.    The lease also provided for a payment of $10,000 down on execution and delivery of the lease, to be credited to payment of rent after May 1, 1925, without interest. Friedberg was also to pay $2,000 more on delivery of the lease, to be applied on his rental of $60,000 before the Postal lease expired.

At the time of making the contract it was understood that for validation of the contract by Goodman as trustee for his minor wards it was necessary to get the consent, or an order, of court authorizing it.    To cover the uncertainty of that proceeding they executed a contemporaneous or supplemental agreement of the same date (June 1, 1920) providing in part:

"that the said lease shall be considered null, void and of no effect if the court refuses to ratify said lease and authorize said Fred Alfred Goodman, trustee, to enter into and sign said lease as trustee and the said Fred Alfred Goodman does further agree in the event of the court's refusal to ratify and authorize said lease that he shall immediately refund the sum of $14,000 this day paid upon said lease to the said Maurice Friedberg."

At or about the time of making the lease Friedberg paid Goodman $14,000 and thereafter made further payments on the lease amounting to $8,000, or $22,000 in all.

On September 15, 1920, Goodman filed a bill in the Wayne county circuit court, in chancery, to obtain a decree authorizing and ratifying the lease which he had made with Friedberg.    The father of the two minors, George C. Waldo, who was appointed guardian

*ad litem,* employed counsel and pleaded issuably. The suit was eventually brought to hearing and on September 22, 1921, a final decree was entered refusing approval of the lease and dismissing Goodman's bill. Friedberg thereafter demanded back the payments he had made, but Goodman refused on the ground he had appealed from the decree dismissing his bill. The matter was protracted by stipulations and other dilatory proceedings and Friedberg on June 5, 1922, petitioned the court for leave to intervene, which was denied. Finding the decree of the Wayne county chancery court yet standing unreversed on June 18, 1923, Friedberg brought this action to recover the $22,000 he had paid Goodman. The case was brought to trial before a jury and at conclusion of the evidence the court found the controlling facts undisputed and directed a verdict in plaintiff's favor for $24,429.16, the amount he had paid defendant on the lease with legal interest from the date of the decree and entered judgment therefor on December 4, 1924.

Goodman's excuse and principal defense for not returning the money after his bill had been dismissed was and is that he had appealed from said decree and the case was yet pending in this court and undecided. To meet this contention plaintiff by permission of the court put in evidence the files and records of the chancery case on appeal in this court, which were produced by its deputy clerk who had them in custody. The defense objected to them on the ground that this court has exclusive jurisdiction to determine the validity of an appeal to it. While the defendant in the chancery suit might have the question settled in this court by moving to dissolve the appeal, plaintiff in the instant case is not a party to that suit nor authorized to participate in it. He proved in support of his claim that the decree in the chancery court dismissing Goodman's bill yet stood unreversed, while the latter introduced proof that it had been appealed

and the record transmitted to this court where it was yet pending.    The validity of that appeal was a proper question for plaintiff to raise upon the trial and make whatever proof he was able to in support of his contention that the decree rendered by the chancery court was then in full force and effect.

The calendar entries of the court in which the chancery case was heard, borne out by the record on appeal in this court, show the final decree was filed and entered September 22, 1921, claim of appeal was filed with the clerk of that court and $5 appeal fee paid him October 10, 1921, a series of stipulations by counsel and orders of that court were filed extending time for settlement of the case, the last order, dated August 25, 1923, carried the extension of time to November 1, 1923, the certificate of the judge to settlement of the case is dated September 28, 1923, and the court's calendar entry shows under date of November 8, 1923, "Case settled, signed, filed," the certificate of the clerk of that court to the record on appeal transmitted to this court is dated November 8, 1923.    It was received and filed by the clerk of this court on November 14, 1923, which is the first and only step shown to have ever been taken in this court.

Goodman's filing his claim of appeal with and paying the appeal fee to the clerk of the court in which the case was heard, on October 10, 1921, was within 20 days after entry of the final decree there, saved his right to perfect an appeal in manner prescribed by statute.    It temporarily transferred jurisdiction over the case to this court, only leaving with the lower court jurisdiction to make orders and settle record for perfecting an appeal and certificate within the statutory time limit.    Chapter 50 of the judicature act, under the subtitle "Of Chancery Appeals," provides in section 20 (3 Comp. Laws 1915, § 13755) as follows:

"The circuit court in which such decree or order was rendered or the judge of such court at chambers, or any Justice of the Supreme Court may, upon cause shown and notice to the opposite party, extend the time for taking or perfecting an appeal:   *Provided*, That the time for perfecting an appeal shall not be extended for more than one year from the entry of the order or decree appealed from:   *Provided further*, That the time in which appeals may be taken and perfected may be extended, not exceeding six months from the expiration of the time herein specified, by the Supreme Court or one of the Supreme Court Justices at chambers, when any party has been prevented from taking or perfecting such appeal by circumstances beyond his control.    Such extension shall only be made on special motion and after a proper showing."

Neither stipulation of counsel nor order of the circuit court could extend the time for settling the case for review beyond one year from entry of the decree.    At expiration of the year the jurisdiction of the trial court in that particular ended.    This court yet had jurisdiction, if properly extended by the court below during the year, to extend the time further, not to exceed six months, on special motion and proper showing of good cause therefor.    At expiration of the six months longer this court lost jurisdiction if no special motion with proper showing was made in the meantime.    None was made in this case.    At the end of one year and six months from entry of the decree both courts had lost jurisdiction in the matter of perfecting the appeal.    The initial appeal by which this court acquired temporary jurisdiction pending perfection of the appeal died and temporary jurisdiction in this court ended, leaving the case standing in the court below in the same position as though no appeal had been begun.    The attempted settlement of the case in the court below over two years after entry of the decree was a nullity.

Parties to the record cannot keep an appeal alive

by not moving to dismiss it after both courts have lost jurisdiction to authorize perfection of the appeal. Such in substance are former rulings of this court which need not be reviewed here. The following cases and others there cited deal more or less with the subject of chancery appeals and clearly lead to the above conclusions: *Perkins* v. *Perkins,* 173 Mich. 690; *Puffer* v. *Clark,* 202 Mich. 169, 193; *Township of Cooper* v. *Little,* 220 Mich. 62; *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393; *Earnshaw* v. *Wayne Circuit Judge,* 228 Mich. 82; *Bilakos* v. *Robbins-Grayer,* 228 Mich. 655.

It is further contended for the defense that Friedberg was in privity with Goodman in the chancery suit and therefore not in a position to attack the proceedings in that case collaterally, unless the judgment was absolutely void. Friedberg was not a party to the suit, although at one time claiming such an interest in the result as to make him apply for leave to intervene, which the court refused. His interest in it is measured by their agreement that if the court to which Goodman should apply to ratify the lease refused to do so Goodman would *immediately* refund to him the money he had paid. He is not attacking collaterally, or any other way the decree of the court below, but is content to abide by it. All he contends is that the appeal from that decree which Goodman initiated was not legally perfected and is now a nullity. We so find.

Other errors urged for defendant are not, in our opinion, well founded and call for no discussion.

The judgment will stand affirmed.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.