## LONG *v.* LONG.

1. DIVORCE—MARRIAGE—COMMON-LAW MARRIAGE—EVIDENCE — SUFFICIENCY.

   In a suit for divorce by the wife, alleging a common-law marriage, evidence *held*, sufficient to establish the marriage.

2. SAME—EXTREME CRUELTY—DISMISSAL.

   Where both parties are guilty of extreme cruelty, the courts will leave them where they have placed themselves, and the bill of plaintiff and cross-bill of defendant will be dismissed.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 7, 1921. (Docket No. 64.) Decided December 22, 1921.

Bill by Erle Loretta Long against Alfred W. Long for a divorce. From the decree rendered, plaintiff appeals. Reversed, and bill dismissed.

*Eugene L. Mistersky* and *James A. Murtha (John H. Dohrman,* of counsel), for plaintiff.

*Asher L. Cornelius,* for defendant.

WIEST, J. Bill for divorce by plaintiff on the ground of extreme cruelty, alleging a common-law marriage followed by about 15 years of cohabitation as husband and wife. The answer admits cohabitation and alleges that defendant wanted to marry plaintiff but she refused, and denies any marriage, and, in the event that a valid marriage should be decreed, asks that a divorce be granted defendant on the ground of the extreme cruelty of plaintiff. No children have been born to the parties. When the ap-

---

On the question of general characteristics and validity of common-law marriage, see note in L. R. A. 1915E, 8.

plication for temporary alimony came on for hearing some oral testimony was taken and by stipulation is made a part of the record.    The trial judge was unable to find a valid marriage, and, therefore, refused to grant a divorce, but divided one piece of property held by the parties jointly and awarded to defendant the custody of a boy the parties adopted.

We will first consider the question of marriage. The acts of the parties support plaintiff's claim of a common-law marriage.    She insured her life and made him, as her husband, beneficiary; he insured his life and made her, as his wife, beneficiary.    As husband and wife they made formal adoption of a boy.    She joined with him as his wife in executing a mortgage. He made application to the probate court as her husband to have her committed to an asylum.    We are fully persuaded that an oral contract of marriage, *per verba de praesenti*, was made between the parties and consummated by cohabitation and amply corroborated by holding themselves out to the public as husband and wife.    This brings us to a consideration of whether under the evidence a divorce should be granted to either party.    The record shows that both parties are guilty of extreme cruelty and we must, therefore, leave them where they have placed themselves.

The bill and cross-bill are dismissed, without costs to either party.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.