PONKE *v.* RUSINOWSKI.

1. APPEAL AND ERROR—APPELLATE COURT MAY NOT MODIFY DECREE IN FAVOR OF PARTY NOT APPEALING.

> A decree in the lower court from which plaintiffs alone appealed, may not be modified in favor of defendants, although it was more favorable to plaintiffs than the record justifies.

2. SAME—VENDOR AND PURCHASER—LAND CONTRACTS — FRAUD — RESCISSION.

> In a suit for the rescission of a land contract on the ground of fraud, the decree of the court below refusing rescission but allowing plaintiffs a certain amount as damages to be credited on their contract, which is reinstated, although more favorable to them than the record justifies, is affirmed on their appeal, where defendants did not appeal.

Appeal from Wayne; Mandell (Henry A.), J.     Submitted January 13, 1928.     (Docket No. 13.)     Decided February 14, 1928.

Bill by Jacob Ponke and another against Albert Rusinowski and another for rescission of a land contract on the ground of fraud.     From the decree rendered, plaintiffs appeal.     Affirmed.

*Fox & Severance,* for plaintiffs.

*Harvey S. Durand,* for defendants.

FELLOWS, J.   A careful reading of this record satisfies us that the decree from which plaintiffs have appealed was more considerate of them than the record justifies.     As defendants have not appealed, it can not be modified in their favor.     The parties are all

---

[1]Appeal and Error, 4 C. J. § 3095; [2]Id., 4 C. J. § 3095.

Polish people.    Plaintiffs are husband and wife, and likewise are defendants.    Plaintiffs had an equity in their home in Hamtramck.    Defendants had practically completed a new house on Conley in what is spoken of as North Detroit.    Plaintiffs desired a larger house and employed a Polish real estate agent to assist them.    With their agent they visited the house and on two occasions inspected it from basement to attic.    Both plaintiffs testify that certain representations were made by defendants, while both defendants deny that any representations were made by them. Plaintiffs did not call their agent or make any effort to secure his attendance as a witness.    Their equity was turned in at $2,100 in the trade, and defendants' new home at $8,000.    The deal was closed May 20, 1924, and plaintiffs moved in shortly afterwards. Plaintiffs' own testimony establishes that they learned within a month after they moved in that the house was not as they claim it was represented to be.    Their principal complaint is that it was represented to be of good workmanship and material which they claim it was not.    Plaintiffs made some monthly payments, and one of $900 required by the terms of the contract after they claim to have learned that they had been defrauded.    Mr. Ponke was for a time out of work and defendants did not crowd for payments.    After he had gone to work again, and being in arrears some eight months and still neglecting to make payments, they instituted summary proceedings before a circuit court commissioner and obtained a judgment for restitution, with the amount due under the terms of the contract fixed.    This amount plaintiffs paid and instituted an action at law to recover their claimed damages and in affirmance of the contract.    From the time of the instituting of the summary proceedings plaintiffs had the benefit of counsel.    Again they were in default in their payments and again summary

proceedings were instituted and carried into judgment with the amount due under the contract again fixed. They did not pay this amount, and were not evicted although their time for payment had expired. They, however, discontinued their action at law and filed the original bill in this case, seeking to restrain the enforcement of the judgment for restitution and asking that their damages be found. The bill was likewise in affirmance of the contract. An amended bill of like purport was filed. Nearly two years after the deal was closed plaintiffs filed another amended bill. In this amended bill they for the first time sought rescission of the contract.

We do not feel called upon to determine the question of whether the representations were made or not. In the main they refer to the material used and the workmanship employed in building the house. We are satisfied that defendants have established by a clear preponderance of the disinterested testimony that both the material used and the workmanship were good. They called the contractor, the materialman, the workmen on the job, all disinterested in the outcome of the case, and their testimony satisfies us that both material and workmanship were good. The learned trial judge found that the representations were made, and that some little things were needed to make the house a good job, and allowed plaintiffs $250 damages, but refused rescission. He set aside the judgment of the commissioner and allowed plaintiffs' damages to be indorsed on the contract which he reinstated. If any one has cause for complaint, it is not the plaintiffs.

The decree will be affirmed, with costs of this court.

NORTH, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.