MATHESON *v.* MATHESON.

1. DIVORCE—COMMON-LAW MARRIAGE—EVIDENCE.

In suit for separate maintenance by plaintiff who claimed to be the common-law wife of defendant, following a previous divorce, evidence showing that she executed a mortgage as his wife at his request, his claim of exemption from military service because she was his wife and her signing of a document for such purpose as his wife, his filing of bill for divorce a few years previously which was dismissed for want of prosecution, and admission of existence of common-law marriage in his pleadings herein *held,* to sustain finding of trial court that an oral contract of marriage was made between the parties, was consummated by cohabitation and supported by the parties holding themselves out to the public as husband and wife and the rearing of a child, the issue of such relationship.

2. SAME—SEPARATE MAINTENANCE—CUSTODY OF CHILD.

Record *held,* to justify decree of separate maintenance to wife, award to her of custody of their child and dismissal of husband's cross-bill for divorce.

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 6, 1938. (Docket No. 64, Calendar No. 40,202.) Decided February 2, 1939.

Bill by Lenora Matheson against Neil Matheson for a decree for separate maintenance and other relief. Cross-bill by defendant against plaintiff for an absolute divorce. Decree for plaintiff. Defendant appeals. Affirmed.

*Frank C. Smith* (*Charles B. Cumings,* of counsel), for plaintiff.

*Herbert W. Smith,* for defendant.

Chandler, J. Plaintiff filed a bill for separate maintenance based upon an alleged common-law marriage, alleging extreme cruelty, desertion and non-support. Defendant answered, denying the allegations of the bill, and in addition, filed a cross-bill praying for a divorce.

The facts present the question as to whether the parties were married, it being plaintiff's claim that a common-law marriage was established. With reference thereto, the record shows that a ceremonial marriage was solemnized in 1910 and that thereafter they lived together as husband and wife until the year 1914 when they separated and later, about the year 1917, defendant secured a divorce from plaintiff. After the separation he went west where he remained for approximately a year and a half. He then returned and became employed in the city of Saginaw where he worked for some two years. During this period plaintiff and defendant met at various times, either in Saginaw or Fostoria where plaintiff was then living, and usually roomed to-

gether for the night or longer depending upon the duration of the visit, it being shown that defendant frequently spent the week end with plaintiff in Fostoria and she in turn visiting him in Saginaw.

Plaintiff eventually moved to Flint and purchased a home. In April, 1918, defendant moved into the house, the parties living together thereafter until July, 1930. During this period of 12 years, they were generally recognized in the community and by their friends as husband and wife. Defendant contributed to the support of the home. Plaintiff executed a mortgage at defendant's request as his wife. At the time of the war, she executed documents as his wife in order that he might be excused from military service. Defendant at one time filed a bill for divorce on the theory that a common-law marriage existed, and in the present case prayed for a divorce in his cross-bill. In addition, a child was born who was 11 years of age at the time the bill of complaint in the instant case was filed.

The trial court found that a common-law marriage existed; that defendant had been guilty of desertion and nonsupport as alleged in plaintiff's bill, and granted a decree in accordance therewith.

It is not denied that the parties cohabited for some 12 years, during which period they represented themselves as, and were known as, husband and wife. Defendant, however, disputes the finding of the trial court on the theory that there was no agreement between the parties at any time to take each other as husband and wife.

An examination of the testimony of both parties reveals inconsistencies in each instance. Plaintiff testified on direct examination that there was an agreement that they would live together as husband

and wife. However, in response to this question on cross-examination, ''And there was never any promise made on his part or your part were there?'' she answered: ''Never was mentioned.''

Defendant's testimony, also inconsistent, reveals that he represented plaintiff as his wife and that he thought she was his wife, not because they had so agreed between them, but because, ''I supposed after anybody lived together so long they were common-law wife, husband and wife.''

We will first consider the question of marriage. The acts of the parties support plaintiff's claim of a common-law marriage. Her execution of a mortgage as his wife at his request; his claim for exemption from military service in 1918 for the reason that plaintiff was his wife and her signing of such a document as his wife; his filing of a bill for divorce in 1933 which was later dismissed for want of prosecution; and the filing of a cross-bill herein praying for a divorce, persuade us, as they did the trial court, that an oral contract of marriage *per verba de præsenti* was made between the parties, and consummated by cohabitation and supported by the parties holding themselves out to the public as husband and wife and the rearing of a child, the issue of such relationship. *Long* v. *Long,* 217 Mich. 211.

The trial court awarded plaintiff a decree of separate maintenance, the custody of the child, and dismissed defendant's cross-bill. The record justifies the decree so entered.

Decree affirmed, with costs to plaintiff.

WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, C. J., did not sit.