OLIVER *v.* OLIVER.

1. APPEAL AND ERROR—DIVORCE.

On appeal from decree denying divorce to either party under bill and cross bill, where defendant has not cross-appealed, issue is limited to whether or not plaintiff is entitled to divorce on ground sought to be made basis for decree, as defendant is not entitled to relief.

2. SAME—DIVORCE—CROSS APPEAL.

Since the Supreme Court reviews chancery cases *de novo,* the fact that defendant did not prosecute a cross appeal from decree denying divorce to either party would not be tantamount to an adjudication that plaintiff wife was free from fault nor preclude defendant from claiming plaintiff was equally guilty of extreme cruelty barring her right to a divorce.

3. DIVORCE—EXTREME CRUELTY—EVIDENCE.

In wife's suit for divorce, where her proofs fully established allegations of extreme cruelty, she is granted decree of divorce with custody of the minor child where defendant's proofs fail to show plaintiff was equally at fault.

4. SAME—DIVISION OF PROPERTY—REMAND.

In suit for divorce where it appears that wife, a registered nurse, had materially aided in the accumulation of the property owned by the parties, had supported their two children since commencement of suit without temporary alimony or support money, and is entitled to divorce, decree denying divorce is reversed, one entered in this court granting divorce to plaintiff and providing that the parties shall own the realty as tenants in common, and that case be remanded for taking further testimony as to value of personalty and for equal division of defendant's interest in such personalty or half of the value thereof as alimony and in lieu of all further rights arising out of the marital relation (3 Comp. Laws 1929, § 12767).

ON REHEARING.

5. PARENT AND CHILD—DUTY TO SUPPORT—COMMON LAW.

The support of a minor child is the common-law duty of the father.

6. DIVORCE—MODIFICATION OF OPINION—DIVISION OF PROPERTY—CUSTODY.

On rehearing, opinion is modified to provide for entry of decree in this court granting an absolute divorce with custody of minor child and providing that the parties shall own the

realty as tenants in common and for remand to circuit court for entry of a decree as to personalty and support of minor child with right to retain jurisdiction to modify its decree thereafter as to alimony and right of visitation and support of the child as circumstances may require.

Appeal from Jackson; Simpson (John), J. Submitted June 15, 1943. (Docket No. 97, Calendar No. 42,369.) Decided September 7, 1943. Decided on rehearing January 13, 1944.

Bill by Mina E. Oliver against James H. Oliver for divorce on ground of extreme and repeated cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme and repeated cruelty. Bill and cross bill dismissed. Plaintiff appeals. Reversed and remanded for entry of decree for plaintiff. On rehearing, decree ordered entered for plaintiff in this court, with right to remand limited to certain matters.

*Dahlem & Dahlem (Rosenburg, Painter & Navarre,* of counsel), for plaintiff.

*O. K. Underwood,* for defendant.

Boyles, C. J. Plaintiff by bill of complaint and defendant by cross bill each asked for an absolute divorce on the ground of extreme cruelty. Each denies the material allegations of the other party, and both pray dismissal of the other party's bill of complaint. Each asked for custody of one child born of the marriage, now aged 9, and a daughter by adoption, now aged 18. The circuit judge who heard the testimony found that neither party had established a case of extreme and repeated cruelty and entered a decree dismissing both the bill and cross bill. Plaintiff appeals, claiming the court erred in refusing her a decree of divorce on the testimony adduced. Defendant is content with the decree.

The issue before us is limited to the question whether plaintiff is entitled to a decree of divorce on the ground of extreme cruelty. The defendant, not having cross-appealed, cannot obtain affirmative relief against the plaintiff. *Wernik* v. *Wayne Circuit Judge,* 234 Mich. 224; *Ponke* v. *Rusinowski,* 241 Mich. 629; *Stephenson* v. *Golden,* 279 Mich. 710. Plaintiff would have us construe the failure of defendant to appeal from the dismissal of his cross bill to mean that plaintiff has been adjudicated to be free from fault; that the defendant cannot now claim that plaintiff has been equally guilty of extreme cruelty to bar her from a decree of divorce. Such a construction would prevent the defendant from contesting plaintiff's claim of divorce in this court, and ignore the fact that the defendant by answer seeks the dismissal of plaintiff's bill of complaint on the ground that plaintiff was domineering, abusive and equally at fault, thus barring her from divorce. The issue before us is, whether plaintiff may have a decree of divorce, under the pleadings in the case, based on the testimony in the record. We hear chancery cases *de novo.*

The parties were married in 1922, separated in 1941. They lived in the city of Jackson until 1930 and thereafter on a farm of 175 acres owned by them as tenants by the entireties. Besides this farm, they own a cottage at Clark's lake, farm stock and other property.

Plaintiff has been a registered nurse since 1910; while on the farm was a member of a township school board. The defendant is an individual of some education and considerable ability. For their honeymoon these parties went to England (defendant's former home), stayed several months. Both parties have been financially provident, accumulating considerable property by their joint efforts. Apparently both took life very seriously, perhaps too much so.

·To prove her allegations of extreme cruelty, plaintiff testified that the defendant told her she "looked like an old hag, looked about 65 or 70 (she was 49 at the time of the trial);" that he "just as soon I would leave," "he did not care anything about me," "I was not the type of person that he cared for;" that at times she would go and sit by him and try to talk, but he would not talk; that he was sullen and morose; that he told plaintiff no one liked her, that she didn't amount to anything; that he called her terrible names at times, swore at her. The epithets applied to plaintiff by her husband, according to her testimony, are too vile to repeat here. She testified that for a week at a time defendant would not speak to her, on other occasions said he would leave if it weren't for the boy; that he said "something was wrong with him or he would not have married me," and that "he hated" her; that he was unfriendly when their child was born; that after the child came, she tried to go back to the defendant's bed but he said he didn't want her there, in his bedroom; that plaintiff finally gave up such attempts and for a couple of years before the separation they had not "slept together." Plaintiff testified to several occasions when defendant used physical violence toward her, pushed her downstairs, struck her, twisted her arm, slapped her, finally told her to get out. She did.

The 18-year-old daughter of the parties testified for plaintiff and amply supported her testimony as to the calling of names, swearing at plaintiff and physical violence on several occasions. The testimony of plaintiff and the daughter bears all the earmarks of credibility and we find it convincing. There is no necessity to further recount plaintiff's proofs. They fully establish the allegations of extreme cruelty.

Counsel for the defendant, opening the proofs for the defense, said:

"Now, the defendant in this case, putting in the proofs, having in mind the ruling of the Supreme Court in the case of *Long* v. *Long* [217 Mich. 211] and having this in mind that the court is satisfied that the plaintiff in this case has made out a case, and we having sufficient testimony to make out a case for the defendant, both parties being equally guilty, neither party coming into court with clean hands, we do not believe that a decree should be entered in favor of either one of them. With that in mind, we want to put in the testimony of the defendant."

The defendant, sworn, abundantly established the fact that he was a hardworking, frugal man, financially successful in a conservative way. He denied that he was in the habit of calling plaintiff names, claimed plaintiff called him names, hit him at times, that she had a violent temper. He testified:

"We never had any great trouble. What little trouble we had was about the children. Cruelty to the children, that was the cause. When I say cruelty to the children, I mean severe beating. When the severe beatings started, I stepped in. It was between the mother and daughter or between the mother and the son."

The only specific instance of a "severe beating" shown by the record is one occasion when plaintiff paddled her daughter with a thin slat, and the daughter testified she deserved it.

Necessarily, we are extremely reluctant to interfere with the conclusions reached by the trial court, in this case an able and experienced circuit judge who had the advantage of hearing and seeing the witnesses and observing their demeanor. But, on the record before us, we are led to the conclusion that plaintiff has proven a case of extreme cruelty, as apparently conceded by the defendant; and that the defendant has not adequately proven that plaintiff was equally at fault to bar her right to a decree of divorce. The decree is set aside and plaintiff may have a decree for absolute divorce, with custody of the minor child, James C. Oliver. The adopted child, Barbara, is now 18 years of age.

As to property matters, the record presents the usual difficulty of attempting to determine specifically the rights of the parties, on a record submitted a year after the trial. It shows that plaintiff materially aided in the accumulation of their property, and at various times earned and used her own money for their common expenses. Since this suit was started she has not been receiving temporary alimony or support money. The children are with plaintiff and have been supported by her. She is employed as an industrial nurse in a defense plant. The defendant has had the income from the farm, including a milk check of $35 to $60 per month. Defendant's share of the farm income for 1941 was around $1,000. Defendant was employed in 1942 at approximately $200 per month, in a defense plant. The farm stock was appraised in 1942, under court order, and at present values defendant's interest would undoubtedly exceed $1,000. In addition, there is some mining stock, at one time worth $5,000, and the household goods. We are convinced that equity requires that their property be divided equally between these parties, plaintiff to maintain their nine-year-old child. The decree may provide that the parties own the real estate as tenants in common (3 Comp. Laws 1929, § 12767 [Stat. Ann. § 25.132]), and that the case be remanded for further testimony as to the value of defendant's interest in the personal property, with provision that half of defendant's interest in the personal property, or half of the value thereof, be decreed to plaintiff as alimony and in lieu of all further rights arising out of the marital relation.

Reversed for entry of decree in accordance herewith, with costs of both courts to plaintiff.

Chandler, North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.

## ON REHEARING.

BOYLES, J. We granted rehearing on appellant's petition asking that the opinion be modified and a decree entered to specifically provide for the support and maintenance of the minor son, James C. Oliver. We recognize the common-law duty of the defendant to support his minor child. *West* v. *West,* 241 Mich. 679. While no provision was made in our opinion to that end, we took into consideration the support and maintenance of the minor child in awarding to plaintiff one-half the value of the personal property. This may or may not be sufficient for alimony and support of minor child. We said:

"As to property matters, the record presents the usual difficulty of attempting to determine specifically the rights of the parties, on a record submitted a year after the trial."

The opinion may be modified so as to provide for the entry of a decree in this court granting plaintiff an absolute divorce with custody of the minor child, and further providing that each of the parties shall own the real estate as tenants in common. The decree may provide that the case be remanded to the circuit court for further consideration and entry of a decree determining the rights of the parties in the personal property, and in connection therewith to decree what amount shall be awarded plaintiff for the support and maintenance of the minor child. The court may take further testimony if deemed necessary, and may retain jurisdiction to change or modify its decree thereafter as to alimony, right of visitation, and support of minor child as circumstances may require.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. REID, J., took no part in the decision of this case on rehearing.