DOOLITTLE v. DOOLITTLE.

1. DIVORCE—FAILURE TO CROSS-APPEAL.
   Husband who obtained decree of divorce must be considered as satisfied with decree as entered where he failed to take cross appeal.

2. SAME—EXTREME CRUELTY—INTOXICATING LIQUOR—EVIDENCE.
   In wife's suit for divorce on ground of extreme cruelty, evidence amply justified granting husband decree of divorce on his cross bill on ground of extreme cruelty where it appears that wife came home intoxicated, frequented bars and taverns with other men while intoxicated, and that such conduct was neither occasioned nor condoned by defendant.

3. SAME—CUSTODY OF CHILDREN—STATUTES—DISCRETION OF COURT.
   The statute relating to custody of children of divorced parents does not restrict the inherent, broad, discretionary powers of a court of chancery to adjudicate the custody of a child according to the circumstances of each case and to determine the question of custody as the best interests of the child may demand; the wishes of the parents being a secondary consideration and the welfare of the child being paramount (3 Comp. Laws 1929, §§ 12738, 12852).

4. SAME—CUSTODY OF CHILDREN—JURISDICTION.
   Where plaintiff wife was shown not to have been a proper person to have the permanent care and custody of four-year-old daughter, but defendant husband consented to her temporary

custody with right of visitation and circuit judge was in accord with such arrangement, decree ordering payment to wife of $7 a week while child was in her custody is not disturbed, although circuit court is vested with jurisdiction to make orders as to custody as future circumstances may require (3 Comp. Laws 1929, §§ 12738, 12852).

5. Same—Alimony—Support of Children.

Award to wife of $400 as permanent alimony and in lieu of dower and property rights is affirmed where both parties to suit for divorce are wage earners, home is worth $3,000 subject to $700 mortgage, and defendant husband was awarded custody of four-year-old child and home which plaintiff had left.

6. Same—Costs.

No costs are awarded wife on her appeal where decree of divorce is affirmed.

Appeal from Berrien; Evans (Fremont), J. Submitted March 9, 1945. (Docket No. 72, Calendar No. 42,555.) Decided April 9, 1945.

Bill by Helen Doolittle against William Doolittle for a divorce because of extreme and repeated cruelty. Cross bill by defendant against plaintiff for a divorce because of extreme and repeated cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Charles W. Gore,* for plaintiff.

*Robert P. Small,* for defendant.

Boyles, J. This is a divorce case heard on amended bill and answer and cross bill and answer thereto. The circuit judge granted the defendant a divorce on his cross bill and plaintiff appeals, claiming that the court should have granted the divorce to her. She also complains of certain provisions in the decree regarding custody of minor child, property settlement and alimony. Defendant does not cross-appeal, hence must be considered as content with the decree as entered.

The decree gives defendant the permanent custody of four-year-old Jo Ann, the only child born of the marriage, subject to a right of visitation and certain short periods of custody allowed to plaintiff. Also, the decree allows plaintiff $7 per week for support of the child while in her custody, and $400 in settlement of property matters and as permanent alimony.

A recital of the testimony in detail would not be of advantage to the plaintiff appellant. It is sufficient to say that the evidence of plaintiff's neglect or refusal to perform the customary duties involved in the domestic relation and the keeping of a home is convincing. The record is also replete with proof of occasions when she returned home at all hours of the night in an intoxicated condition, the frequenting in an intoxicated condition of bars and taverns where intoxicating liquors were consumed, improper and intimate acts of association and misconduct with other men, while intoxicated, none of which has been occasioned or condoned by the defendant. We have no hesitation in reaching the conclusion that the proofs are ample to sustain the granting of a decree of divorce to the defendant.

Appellant argues that she is entitled to the custody of the child under the provisions of 3 Comp. Laws 1929, § 12852 (Stat. Ann. § 25.311), which provides:

"In case of the separation of husband and wife having minor children, the mother of said children shall be entitled to the care and custody of all such children under the age of twelve years, and the father of such children shall be entitled to the care and custody of all such children of the age of twelve years or over: *Provided,* that any probate court or any court of competent jurisdiction, may, on petition and hearing thereof, make and enforce such order or orders as it may deem just and proper as to the

care and custody of such minor children, excepting in cases where an order or decree may have been made by any court in chancery regarding such children: And *provided, further,* that nothing in this act shall prevent any court of competent jurisdiction from making and enforcing any such order or orders as it may deem just and proper as to the care and custody of such minor children in the same manner and with like effect as it could if this act had not been passed.''

This statute does not restrict the inherent, broad, discretionary powers of a court of chancery to adjudicate the custody of a child according to the circumstances of each case and to determine the question of custody as the best interests of the child may demand. *Smith* v. *Ritter,* 292 Mich. 26; *Davis* v. *Davis,* 296 Mich. 711. The wishes of the parents are a secondary consideration. The welfare of the child is paramount. *Weiss* v. *Weiss,* 174 Mich. 431; *Riede* v. *Riede,* 300 Mich. 300.

''Upon pronouncing a sentence or decree of nullity of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper, concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parents the children, or any of them, shall remain.'' 3 Comp. Laws 1929, § 12738 (Stat. Ann. § 25.96).

(The amendment by Act No. 134, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 12738, Stat. Ann. 1944 Cum. Supp. § 25.96], does not affect the question before us.)

See, also, 3 Comp. Laws 1929, § 12812 (Stat. Ann. § 25.241).

The testimony proves beyond question that the plaintiff is not a proper person to have the perma-

nent care and custody of the child. The defendant consented to, and the circuit judge granted plaintiff temporary custody of the child for certain limited periods of time, and the right of visitation. We question whether this will prove to be for the best interests of the child, the court having found that plaintiff was not a proper person to have the custody. With some reluctance we conclude that this may best be left to the future jurisdiction of the circuit court as circumstances may require. The allowance of $7 per week to plaintiff for maintaining the child while in her custody is at present sufficient, inasmuch as defendant is otherwise legally liable for the education, clothing, care and maintenance of the child, and the allowance is subject to change by the circuit court as conditions may require. *West v. West,* 241 Mich. 679.

Both parties are wage earners. Their property consists of a home worth about $3,000, encumbered by a mortgage of about $700. Plaintiff left the home and the defendant continues to occupy it, employing an adult housekeeper who has seven children, one of them in the army and another in government service. The court awarded this real estate to the defendant and required him to pay plaintiff $400 as permanent alimony and in lieu of dower and property rights. We affirm this, having in mind that the defendant must bear the continuing expense of maintenance and education of the minor child. *Oliver* v. *Oliver,* 306 Mich. 273.

The decree is affirmed, without costs, and the case remanded to the jurisdiction of the circuit court.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and REID, JJ., concurred.